## General Information

**NAME:**

Eisele, Kathleen vs. Home Depot U.S.A., Inc.

Practice Area Acceptance

## Notice of Service of Process

| | |
|---|---|
| **Entity:** | Home Depot U.S.A., Inc. |
| **Title of Action:** | Eisele, Kathleen vs. Home Depot U.S.A., Inc. |
| **Document(s) Type:** | SUMMONSCOM |
| **Nature of Action:** | CA |
| **Court:** | Multnomah County Circuit Court |
| **Case Number:** | Associate ID: 116231101 |
| **Jurisdiction Served:** | Oregon |
| **Date Served on CSC:** | 9/8/20 |
| **Date Served:** | 9/8/20 |
| **Answer or Appearance Due:** | 30 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender:** | Jon M. Egan |

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| KATHLEEN EISELE,<br>Plaintiff,<br>vs.<br>HOME DEPOT U.S.A., INC., a Delaware corporation,<br>Defendant. | Case No. 20CV30398<br>SUMMONS |

NOTICE TO DEFENDANT:
READ THESE PAPERS
CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

DATED this 6th day of September, 2020

JON M. EGAN, P.C.

Jon M. Egan, OSB #002467
Attorney for Plaintiff



JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| KATHLEEN EISELE,<br>Plaintiff,<br>vs.<br>HOME DEPOT U.S.A., INC., a Delaware corporation,<br>Defendants. | Case No.<br>CLASS ACTION COMPLAINT<br>Oregon Wage and Hour Claims<br>Damages estimated at $999,999.99<br>Jury Trial Requested<br>NOT SUBJECT TO MANDATORY ARBITRATION<br>Filing fee of $594 per ORS 21.160(1)(c) |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

1.

Kathleen Eisele (hereinafter "plaintiff") complains as follows against Home Depot U.S.A., Inc., a Delaware corporation (hereinafter "HOME DEPOT"), both on behalf of herself individually and, in addition, on behalf of the other similarly situated employees.

2.

This is an action under state wage and hour law for certain present and former employees of HOME DEPOT to recover unpaid wages, penalty wages, statutory damages, and attorney fees, costs, and disbursements (and pre- and post-judgment interest thereon). All allegations herein are made to the best of plaintiff's and her counsel's good-faith knowledge, information, and belief, based upon the evidence



JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

adduced to date, and plaintiff reserves the right to amend the complaint upon the discovery of additional facts.

## PARTIES

3.

At all material times, plaintiff and the class members were employees of HOME DEPOT.

4.

HOME DEPOT is a Delaware corporation employing plaintiff and the class members in Multnomah County, Oregon and elsewhere.

## COMMON FACTS CONSTITUTING CLAIMS FOR RELIEF

5.

HOME DEPOT rounded plaintiff's and the other class members' time punches, resulting in a consistent net underpayment to them.

6.

HOME DEPOT failed to pay plaintiff and the class members all earned and unpaid wages (including vacation pay) within the statutory deadline to do so upon termination of their employment (including, but not limited to, as a result of the above violations).

## CLASS ACTION ALLEGATIONS

7.

HOME DEPOT engaged in acts and practices that violated plaintiff's and the class members' rights under Oregon statutes. This action is brought on behalf of two classes:



JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

1. The Rounding Class, consisting of all current and former Oregon HOME DEPOT employees who lost time due to Home Depot's rounding policies, who do not file a timely request to opt-out of the Class;
2. The Final Paycheck Class, consisting of all former Oregon HOME DEPOT employees who did not receive all wages due in their final paycheck (including vacation pay) within the statutory deadline to do so, who do not file a timely request to opt-out of the Class.

**Numerosity**

8.

Each class is so numerous that joinder of all members is impractical, consisting of an estimated hundreds of persons.

**Commonality**

9.

There are questions of law and fact common to each class, which predominate over any issues involving only individual class members. The principal questions are:

a. Whether HOME DEPOT's common policies and procedures regarding rounding of time punches resulted in underpaying its employees and failure to promptly pay them all earned and unpaid wages, and whether such violations were willful;
b. Whether HOME DEPOT's common policies and procedures regarding payment of final wages (including vacation pay) resulted in failure to pay employees within the statutory deadline upon termination; and
c. What remedies are available for the above-listed violations.



JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

## Typicality

10.

Plaintiff's claims are typical of those of the other class members because:

a. Plaintiff is a member of each class.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for the classes' claims.

c. All of each class members' claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of plaintiff and either class's members, because their claims are for damages provided to each class member separately by statute or the common law.

## Adequacy of Representation by Plaintiff

11.

Plaintiff will fairly and adequately protect the interests of each class because:

a. There is no conflict between plaintiff's claims and those of the other class members.

b. Plaintiff has retained counsel experienced in handling class actions involving wage and hour law, who will vigorously prosecute this litigation. Plaintiff's counsel has already committed substantial time and resources towards this case and remains willing and able to devote whatever additional future time and resources are necessary to pursue this litigation to completion.

c. Plaintiff's claims are typical of the claims of each class's members in that



JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

her claims stem from the same practice and course of conduct that forms the basis of the classes' claims.

### Compliance with ORCP 32 H

12.

Plaintiff has complied with the requirements of ORCP 32 H because her counsel mailed a prelitigation notice and demand to HOME DEPOT for each claim for relief and cause of action at least 30 days before the commencement of this action.

### Superiority of Class Action

13.

Class resolution of this case is superior to other available methods for its fair and efficient adjudication, for at least the following reasons:

a. The prosecution of separate actions by the class members could both result in inconsistent adjudications establishing incompatible pay practices and, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications or impede their ability to protect their interests.

b. The common questions of law and fact described above predominate over questions affecting only individual members, and the questions affecting individuals primarily involve only calculations of individual damages.

c. Individual class members would have little interest in controlling the litigation due to the relatively small size of most claims, the relatively unsettled nature of this area of the law, the complexity of the claims, the expense of the litigation, and because the named plaintiff and her lawyer



JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

have already invested significant resources in the case and will continue to vigorously pursue the claims on behalf of the class members.

d. To plaintiff and her counsel's knowledge, no other similar litigation has been commenced, but if commenced, it could be coordinated under ORCP 32 K.

e. This is a desirable forum because HOME DEPOT does business in this county and many class members reside here.

**FIRST CAUSE OF ACTION**

Oregon Unpaid Wages

14.

All previous paragraphs are incorporated by reference herein.

15.

Pursuant to ORS 652.120, HOME DEPOT was required to pay plaintiff and the class members all wages due, when those wages were due, but willfully failed to do so.

16.

Plaintiff and the class members are entitled to collect the wages due in an amount to be proven at trial, together with attorney fees, costs, and disbursements per ORS 652.200, as well as pre- and post-judgment interest.

**SECOND CAUSE OF ACTION**

Oregon Unpaid Wages Upon Termination

17.

All previous paragraphs are incorporated by reference herein.

///



JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

18.

Pursuant to ORS 652.140, HOME DEPOT was required to pay plaintiff and the class members all wages due by the statutory deadline upon termination of their employment but willfully failed to do so.

19.

Plaintiff and the class members are entitled to collect all wages remaining due, in an amount to be proven at trial, together with attorney fees, costs, and disbursements per ORS 652.200, as well as pre- and post-judgment interest, and the 30 days of statutory penalty wages provided by ORS 652.150.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which it is available.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court certify the Rule 32 classes as indicated herein; award her and the other class members such actual, statutory, penalty, liquidated, and other damages as they may be individually entitled to, as set forth by category above and in amounts to be proven at trial; award the attorney fees, costs, and expenses of suit of plaintiff and the other class members; order HOME DEPOT to pay pre-judgment and post-judgment interest on all amounts due to plaintiff and the other class members as a result of their claims; and order such further or alternative relief as the Court deems appropriate.

DATED this 28th day of August, 2020

JON M. EGAN, P.C.
*s/ Jon M. Egan*

Jon M. Egan, OSB #002467
Attorney for Plaintiff



JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM