Christopher F. McCracken, OSB No. 894002
christopher.mccracken@ogletree.com
James M. Barrett, OSB No. 011991
james.barrett@ogletree.com
E.A. Meg Barankin, OSB No. 203436
meg.barankin@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Tel: (503) 552-2140
Fax: (503) 224-4518

Evan R. Moses, CA Bar No. 198099
*Admitted Pro Hac Vice*
evan.moses@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 S. Hope Street, 12th Floor
Los Angeles, CA 90071
Tel: (213) 239-9800
Fax: (213) 239-9045

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KATHLEEN EISELE,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation,<br><br>Defendant. | Case Nos. 3:20-cv-01740-HZ (lead)<br>3:24-cv-00764-HZ (consolidated)<br><br>**DEFENDANT'S MOTIONS TO DISMISS OR STRIKE**<br><br>(Fed. R. Civ. P. 9(b); 12(b)(6); and 12(f))<br><br>ORAL ARGUMENT REQUESTED |

# TABLE OF CONTENTS

INTRODUCTION .......... 2

MOTIONS .......... 3

BACKGROUND .......... 3

PLAINTIFF'S CLAIMS IN *EISELE II* .......... 6

LEGAL STANDARDS .......... 7

ARGUMENT .......... 8

A. Plaintiff Fails to State a Claim under 26 U.S.C. § 7434 .......... 8

1. Plaintiff Alleges the Wrong Kind of "Misreporting" .......... 9

2. Plaintiff Does Not Identify Any Basis to Find Willful Fraud .......... 11

B. Plaintiff Fails to State an Unlawful Deduction Claim under ORS 652.610(3) .......... 12

C. Plaintiff's Claim for Declaratory Relief Should Be Dismissed or Stricken .......... 13

CONCLUSION .......... 15



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Systems, Inc. Privacy Litigation*,
66 F. Supp. 3d 1197 (N.D. Cal. 2014) ....................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................7

*AT&T Enterprises LLC v. Aztec Secret Health & Beauty Ltd.*,
2018 WL 6727266 (D. Ariz. Dec. 21, 2018) ....................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................7

*Bruehl v. Duke University*,
No. 1:21CV590, 2022 WL 1137295 (M.D.N.C. Apr. 18, 2022)....................9, 11

*Campbell v. Manpow, LLC*,
No. 4:22-cv-00746-O, 2023 WL 8580279 (N.D. Tex. Aug. 14, 2023) ....................10

*Colasanti v. City of Portland*,
3:19-cv-00443-YY-IM, 2021 WL 4317286 (D. Or. Aug 19, 2021)....................14

*County of Santa Clara v. Astra U.S., Inc.*,
428 F.Supp.2d 1029 (N.D. Cal. 2006) ....................11

*Doherty v. Turner Broadcasting Systems, Inc.*,
72 F. 4th 324 (D.C. Cir. 2023)....................9

*Flaa v. Hollywood Foreign Press Assoc.*,
55 F. 4th 680 (9th Cir. 2022) ....................14

*Goodwin v. Amazon Services, LLC*,
No. 1:17-cv-01157-AWI-BAM, 2018 WL 1229698 (E.D. Cal. Mar. 8, 2018)....................11

*Government Employees Ins. Co. v. Leif's Auto Collision Centers, LLC*,
No. 3:17-cv-045-PK, 2018 WL 3153476 (D. Or. Mar. 2, 2018)....................8

*Hurley v. Lopez*,
No. MJM-23-2494, 2024 WL 4201419 (D. Md. Sept. 16, 2024)....................9

*Jensen v. Quality Loan Serv. Corp.*,
702 F. Supp. 3d 1183 (E.D. Cal. 2010)....................14

*Liverett v. Torres Advanced Enterprise Solutions LLC*,
192 F. Supp. 3d 648 (E.D. Va. 2016) ....................9, 11

*Mitchell v. Riddell*,
402 F.2d 842 (9th Cir. 1968) ....................14

*Motameni v. Adams*,
3:21-cv-01184-HZ, 2022 WL 3682940 (D. Or. Aug 25, 2022) ....................14

*Muldrow v. EZ E-File Tax Preparers, Inc.*,
2023 WL 3476416 (11th Cir. May 16, 2023) (unpub.) ....................9



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

*Nat'l Audubon Soc'y, Inc. v. Davis*,
307 F.3d 835 (9th Cir. 2002) ....................14

*Reilly v. Wozniak*,
No. CV-18-03775-PHX-MTL, 2020 WL 1033156 (D. Ariz. Mar. 3, 2020)....................8

*Robertson v. GMAC Mortgage, LLC*,
702 Fed. Appx. 595 (9th Cir. Aug. 21, 2017)....................8

*Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc*.,
771 F.3d 632 (9th Cir. 2014) ....................13

*Stavrum v. NW Precision Construction LLC*,
No. 3:21-cv-01761-SB, 2022 WL 16798577 (D. Or. Oct. 14, 2022) ....................8, 10

*Swallow v. Torngren*,
789 Fed. Appx. 610 (9th Cir. (Cal.) Jan. 7, 2020) (unpub.)....................11, 12

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*,
117 F.Supp.3d 1092 (C.D. Cal. 2015) ....................11

*Vera v. Challenger Air Corporation*,
No. 16-cv-62354, 2017 WL 2591946 (S.D. Fla. Jun. 15, 2017)....................10

*Westphal v. Ed's Mufflers Unlimited, Inc*.,
No. 3:17-cv-00299-YY, 2018 WL 4390778 (D. Or. Jun. 11, 2018) ....................10

*Wilton v. Seven Falls Co*.,
515 U.S. 277 (1995)....................13

*Wright v. Atech Logistics, Inc*.,
No. 3:20-cv-00469-SB-MO, 2020 WL 4373449 (D. Or. Jul. 9, 2020) ....................15



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## CERTIFICATION OF CONFERRAL

Counsel for Home Depot U.S.A., Inc. ("Home Depot"), certifies that they conferred with Plaintiff's counsel by telephone on September 24, 2024, and that the parties could not resolve their differences without Court assistance.

## INTRODUCTION

In the lead case in these consolidated matters, *Eisele I*, Plaintiff alleges that Home Depot underpaid employees' wages. In response, Home Depot voluntarily paid Plaintiff and the putative class members individual payments totaling $969,698. Rather than accepting that these "true-up" payments mooted her claim for monetary relief, Plaintiff cast about for new claims to pursue against Home Depot resulting in a spin-off lawsuit, *Eisele II*. In *Eislele II*, Plaintiff seeks nearly $100 million in damages. She alleges that in making the voluntary true-up payments, Home Depot (1) "unlawfully" subjected her and other putative class members to state and federal employment tax withholdings by misclassifying interest included with the payments as "wages"; and (2) "fraudulently" reported the interest as "wages" in Box 1 of the W-2 tax forms that Home Depot submitted to the IRS. Compl. [ECF 1-1] ¶¶ 7-8. Plaintiff alleges that this alleged conduct resulted in unauthorized deductions from wages under ORS 652.610(3) and the willful filing of fraudulent information returns with the IRS in violation of 26 U.S.C. § 7434.

Plaintiff's spin-off claims in *Eisele II* are baseless and should be dismissed with prejudice. Her claim under 26 U.S.C. § 7434 fails because she does not (and cannot) allege that Home Depot inaccurately reported to the IRS the amounts the company paid to her and to the putative class. She alleges only that Home Depot wrongly classified a portion of those amounts (an interest component) as "wages." A claim under 26 U.S.C. § 7434 is not triggered when an employer reports a correct *amount* to the IRS that an employee disputes as misclassified as a wage instead of non-wage income, or vice versa. Moreover, Plaintiff neglected to allege (as she must) any factual basis to support her conclusion that Home Depot intended to defraud the IRS with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

Plaintiff's unlawful deduction claim under ORS 652.610(3) also fails. The reason is simple. On its face, the statute applies only to efforts by an employer to "deduct or divert any portion of an employee's *wages*." (Emphasis added.) Plaintiff's Complaint consistently and repeatedly insists that interest portions of the true-up payments are "*not* wages" and, in fact, seeks a declaration from the Court to that effect. Compl. [ECF 1-1] ¶¶ 8, 23(a).

Lastly, Plaintiff's request for declaratory judgment should be dismissed for multiple, well-established reasons. She seeks declarations of law that are predicates of, and subsumed by, her other claims and that are superfluous. She also improperly asks the Court to make a declaration "with respect to Federal taxes" that is expressly prohibited by the Declaratory Judgment Act.

No party, especially a party making a demand of $96,777,200, should be permitted to "waltz into federal court without any discernable legal theory or plausible basis for seeking relief." *AT&T Enterprises LLC v. Aztec Secret Health & Beauty Ltd.*, 2018 WL 6727266, at *4 (D. Ariz. Dec. 21, 2018). Plaintiff's failure to plead actionable facts or legal theories requires dismissal of her *Eisele II* claims with prejudice.

**MOTIONS**

Pursuant to Rules 9(b), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure, Home Depot moves to dismiss all three claims in Plaintiff's Class Action Complaint for failure to state a claim upon which relief can be granted; and, alternatively, to strike Plaintiff's Third Claim for Relief as redundant.

**BACKGROUND**

The Court recently reviewed the background of these consolidated matters in its Opinion and Order denying Plaintiff's Motion to Remand in *Eisele II* [ECF 15]:

> On August 28, 2020, Kathleen Eisele filed a class action complaint against Home Depot U.S.A., Inc., in Multnomah County Circuit Court asserting claims for failure to pay wages when due in violation of Oregon Revised Statute § 652.120 and failure to pay wages on termination in violation of Oregon Revised Statute § 652.140. *Eisele I*, 3:20-cv-01740-HZ. Eisele alleged Home Depot "rounded plaintiff's and other class members' time punches, resulting in a consistent net underpayment to them" and "failed to pay plaintiff and the class members all earned and unpaid


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

wages (including vacation pay) within the statutory deadline to do so upon termination of their employment." *Eisele I*, Compl. ¶¶ 5-6. Home Depot removed the matter to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

On July 22, 2022, the parties filed cross-motions for summary judgment as to whether rounding is permissible under Oregon law.

On November 29, 2022, the Court issued an Opinion and Order in which it concluded Home Depot's rounding practice was not authorized under Oregon law, that any resulting net underpayment to hourly employees could not be excused as *de minimis*, and that Home Depot had not willfully violated the law. *Eisele v. Home Depot*, 643 F. Supp. 3d 1175-76, 1180 (D. Or. 2022).

On January 16, 2023, Home Depot stopped its practice of rounding nationwide. On February 23, 2023, Eisele moved for class certification in *Eisele I*. On May 5, 2023, Home Depot "paid each of the putative class members ... all net wages that were allegedly due as a result of Home Depot's rounding practices." *Eisele I*, Wilson Decl., ECF 86, at ¶ 3. In addition, "[a]ll employees who were paid less on net under rounding than the time reflected in their time punches during their employment have now received payment for the alleged net underpayment plus interest." *Id*. At the May 17, 2023, hearing on Eisele's motion for class certification Home Depot, relying on its "true-up" payments, asserted that Eisele's motion for class certification was moot. Eisele acknowledged receipt of the payments, but did not concede that putative class members had been properly compensated or that the true-up payments had been properly calculated. The Court permitted Eisele time to review the data Home Depot used to make the true-up payments in order to submit further briefing on whether class certification was moot and set a status conference for August 8, 2023.

On August 8, 2023, Eisele again acknowledged receipt of payment but asserted Home Depot's "methodology of how they came up with the numbers, what they did, or how they calculated the interest, and what they did the deductions for and all of that" was incorrect, Home Depot "did it the wrong way, from our perspective." *Eisele I*, Transcript of Proceeding, ECF 104, at 7. The Court permitted Home Depot to file an amended answer to include the affirmative defense of payment, struck the pending motion for class certification, allowed Eisele 90 days to take discovery regarding the payment defense, and set a status conference for January 18, 2024.

At the January 18, 2024, conference Eisele's counsel reported he was "still trying to figure out exactly how [Home Depot] did the math to come up with the payments that they made because it doesn't match our math." *Eisele I*, Transcript of Proceeding, ECF 105, at 4. Eisele's counsel stated, however, that "[Home Depot's] number and my number are not far enough apart that I think it's going to go to


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

> trial[,]" and "[o]nce we figure out why the numbers are different, I have fairly good confidence that it will be able to settle." *Id*. at 5. The parties requested time to allow them time to see if they could "close [their] gap." *Id*. at 7-8. The Court agreed and set a status conference for March 19, 2024.
>
> At the March 19, 2024 status conference Eisele's counsel reported that "[t]here was a problem with the payments that [Home Depot] made ... that's going to result in additional claims." *Eisele I*, Transcript of Proceeding, ECF 106, at 4. The parties requested another status conference in 60 days. The Court set a status conference for May 10, 2024.
>
> On April 16, 2024, Eisele filed a class action complaint against Home Depot in Multnomah County Circuit Court (*Eisele II*) alleging that when Home Depot made the true-up payments in *Eisele I*, it improperly included prejudgment interest[[1]] as wages on the putative class members' W-2 forms rather than issuing them form 1099s for the prejudgment interest. Eisele brings claims for wrongful deduction in violation of Oregon Revised Statute § 652.610; for filing a fraudulent federal information return in violation of 26 U.S.C. § 7434; and for declaratory judgment. Eisele seeks $96,777,200 in statutory damages and declaratory relief.
>
> Home Depot removed the matter to this Court on the basis of federal-question and CAFA jurisdiction.

*Eisele II*, No. 3:24-cv-00764, 2024 WL 4164547, at **1-2 (D. Or. Sept. 12, 2024).

On May 21, 2024, the Court granted Home Depot's motion to extend time to respond to Plaintiff's *Eisele II* Complaint until 14 days following the Court's resolution of the parties' anticipated motions for remand and consolidation. *See* 05/21/2024 Minute Order [ECF 8].

On September 12, 2024, the Court denied Plaintiff's motion to remand *Eisele II* to Oregon state court and consolidated *Eisele II* with *Eisele I*. *See* 09/12/2024 Opinion and Order [ECF 15]; 09/12/2024 Minute Order [ECF 16].

[1] Although Plaintiff mischaracterizes the payments as including "prejudgment" interest, there has been no judgment in *Eisele I*, as reflected in the Court's docket, and the payments were not made pursuant to a judgment in that case. *See generally Eisele I* docket, No. 3:20-cv-1740-HZ.



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## PLAINTIFF'S CLAIMS IN *EISELE II*

In support of her claims in *Eisele II*, Plaintiff makes a brief series of allegations "to the best of Plaintiff's and her counsel's good-faith knowledge, information, and belief":

1. On or about May 5, 2023, Home Depot made payments of what it calculated to be "back wages and prejudgment interest" to Plaintiff and the putative class (the "true-up payments"). *Eisele II* Compl. [ECF 1-1] ¶ 5.

2. "The administrator that Home Depot hired to administer the true-up payments noticed that Home Depot intended to treat both back wages and prejudgment interest as wages for deduction and tax reporting purposes"; the administrator "specifically and explicitly warned Home Depot that this was incorrect"; and the administrator "asked whether it should issue 1099s for the interest portion as is usually done." Compl. [ECF 1-1] ¶ 6.

3. "Despite [the administrator's] warning," Home Depot "persisted in wrongfully treating both the back wages and prejudgment interest portions of the true-up payment as wages" and, as a result, "overdeducted Oregon income tax and FICA from the wages due and owing to plaintiff and the members of the Class." Compl. [ECF 1-1] ¶ 7.

4. Additionally, Home Depot "knowingly and willfully filed fraudulent W-2 information returns with the government," because, although Home Depot "knew that prejudgment interest payments were not wages," the amount reported in Box 1 of the W-2s as "wages, tips, other compensation" contained "both back wages and prejudgment interest." Compl. [ECF 1-1] ¶ 8.

Based on these allegations, Plaintiff alleges that Home Depot's effort to voluntarily remediate alleged wage and hour violations in *Eisele I* resulted in: (1) an unlawful "overdeduction" in violation of ORS 652.610(3); and (2) the "fraudulent" reporting of W-2 information to the IRS in violation of 26 U.S.C. § 7434. *See* Compl. [ECF 1-1] ¶¶ 16-21.

Plaintiff also asks this Court to make a series of declarations that her claims actually have a basis in law, although she does not herself identify what that law is. Specifically, Plaintiff asks



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

the Court to declare (a) that the interest paid to her and the putative class as part of the true-up payments "does not constitute wages"; (b) that "no deductions should have been taken" from the interest portion of the true-up payments; and (c) that Plaintiff and the putative class "do not owe FICA taxes" on the interest portion of the true-up payments. Compl. [ECF 1-1] ¶ 23.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his or her "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Rule 12(f) provides additional grounds to dismiss where a claim is "redundant" or "immaterial." Fed. R. Civ. P. 12(f).



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## ARGUMENT

Plaintiff asserts three putative class claims under, respectively, ORS 653.610(3), 26 U.S.C. § 7434, and the Declaratory Judgment Act, 28 U.S.C. § 2201.[2] None is a proper claim for relief. All should be dismissed with prejudice. Home Depot will first address Plaintiff's *in terrorem* claim for $90-plus million in damages under 26 U.S.C. § 7434, followed by the other two.

### A. Plaintiff Fails to State a Claim under 26 U.S.C. § 7434

In her second claim for relief, Plaintiff asserts that Home Depot willfully filed fraudulent W-2s in connection with the true-up payments to Plaintiff under 26 U.S.C. § 7434(a) (hereafter "Section 7434"). Compl. [ECF 1-1] ¶ 20. Section 7434 provides that, "if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). Upon a finding of liability, a plaintiff may recover the greater of actual damages or $5,000, plus costs and, at the court's discretion, reasonable attorneys' fees. 26 U.S.C. § 7434(b).

To state a Section 7434 claim, "a plaintiff must allege: (1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return." *Stavrum v. NW Precision Construction LLC*, No. 3:21-cv-01761-SB, 2022 WL 16798577, at *3 (D. Or. Oct. 14, 2022). A Form W-2 is an "information return" in this context. *Id*. at *3 (citing authorities).

---

[2] Plaintiff's claim for declaratory relief was filed in state court and, in that forum, would arise under Oregon's Declaratory Judgment Act, ORS 28.010 *et seq*. The federal Declaratory Judgment Act is procedural and applies in both federal question and diversity actions. *See Reilly v. Wozniak*, No. CV-18-03775-PHX-MTL, 2020 WL 1033156, at **6-7 (D. Ariz. Mar. 3, 2020) (Declaratory Judgment Act "applies in both federal question and diversity jurisdiction") (citing authorities); *Government Employees Ins. Co. v. Leif's Auto Collision Centers, LLC*, No. 3:17-cv-045-PK, 2018 WL 3153476, at *2 n. 1 (D. Or. Mar. 2, 2018) ("Courts have held that the federal statute is procedural and therefore applies in diversity actions.") (citing *In re Adobe Systems, Inc. Privacy Litigation*, 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014)); *see also Robertson v. GMAC Mortgage, LLC*, 702 Fed. Appx. 595, 599 n. 5 (9th Cir. Aug. 21, 2017) (unpub.) ("[W]e apply the federal Declaratory Judgment Act, 28 U.S.C. § 2201, when sitting in diversity.").



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

Plaintiff's Section 7434 claim fails for at least two reasons: (1) she alleges the wrong kind of "misreporting"; and (2) she fails to identify any basis to infer willful fraud.

**1. Plaintiff Alleges the Wrong Kind of "Misreporting"**

As this Court has already observed, Congress had a very specific rationale for passing Section 7434, namely, to address "malcontents who sometimes file fraudulent information returns reporting large amount[s] of income for judges, law enforcement officials, and others who have incurred their wrath." *Eisele II*, 2024 WL 4164547, at *4 (quotations, citations omitted); *see also Liverett v. Torres Advanced Enterprise Solutions LLC*, 192 F. Supp. 3d 648 (E.D. Va. 2016) (citing H.R. Rep. No. 104–506, at 35 (1996), *reprinted in* 1996 U.S.C.C.A.N. 1143, 1158 ("House Report"). Congress's intent was "not … to open the door to unwarranted or frivolous actions or abusive litigation practices"—such as, relevant here, an action "by a current or former employee of an employer who is not pleased with one or more items that his or her current or former employer has included on the employee's Form W-2." House Report at 35.[3]

Consistent with this legislative history, the majority of courts have narrowly construed Section 7434 as creating a private right of action "only where an information return is fraudulent *with respect to the amount purportedly paid to the plaintiff*." *Liverett*, 192 F. Supp. 3d at 653 (emphasis added). In other words, "26 U.S.C. § 7434 requires a plaintiff to show that … the return was false as to the amount paid[.]" *Doherty v. Turner Broadcasting Systems, Inc.*, 72 F. 4th 324, 329 (D.C. Cir. 2023) (emphasis added); *see also Bruehl v. Duke University*, No. 1:21CV590, 2022 WL 1137295, at *8 (M.D.N.C. Apr. 18, 2022) ("[T]here is no § 7434 claim for the willful filing of the wrong type of information return"; "[a] plaintiff must allege, among other things, that the

[3] Recent examples of the kind of conduct by "malcontents" Section 7434 was designed to combat include *Muldrow v. EZ E-File Tax Preparers, Inc.*, 2023 WL 3476416 (11th Cir. May 16, 2023) (unpub.), where the defendants, while engaged in a bitter family fight with the plaintiff over guardianship of a mutual relative, issued an IRS Form 1099-MISC to the plaintiff in the amount of $320,660, claiming that this amount represented, not income, but the "damage" that the plaintiff's "fraudulent, harassing, defaming actions caused" them; and *Hurley v. Lopez*, No. MJM-23-2494, 2024 WL 4201419 (D. Md. Sept. 16, 2024), where the defendant issued IRS Form 1099-MISCs to the plaintiff in extraordinarily high amounts—in one instance, $4,500,000,000.00.


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

amount of payments reported on the return is wrong."); *Vera v. Challenger Air Corporation*, No. 16-cv-62354, 2017 WL 2591946, at *2 (S.D. Fla. Jun. 15, 2017) (dismissing Section 7434 claim where plaintiff alleged only that employer had "issu[ed] them Form 1099s instead of Form W-2s"); *but see Campbell v. Manpow, LLC*, No. 4:22-cv-00746-O, 2023 WL 8580279, at *3 (N.D. Tex. Aug. 14, 2023) (departing "from the majority of the courts to address this issue" to find that that if "amount paid is incorrect *for that form*," "that is enough to bring a claim under 26 U.S.C. § 7434").

Consistent with the majority view, this Court has never recognized a valid Section 7434 claim that did not include a showing that the defendant had filed an information return that was fraudulent as to an amount paid. *See Stavrum*, *supra*, 2022 WL 16798577, at *1 (Section 7434 claim supported by evidence that employer "significantly underreported [plaintiff's] wages and withholdings … to avoid having to pay taxes."); *Westphal v. Ed's Mufflers Unlimited, Inc.*, No. 3:17-cv-00299-YY, 2018 WL 4390778, at *3 (D. Or. Jun. 11, 2018) (Section 7434 claim supported by evidence that employer filed a W-2 indicating that it had paid plaintiff's taxes when it had not paid them and owner was "pocketing the unpaid taxes.").

These authorities require dismissal of Plaintiff's Section 7434 claim with prejudice. Plaintiff does not allege that Home Depot fraudulently reported to the IRS the amount of true-up payment she received, or that Home Depot fraudulently reported the amount of the true-up payment any class member received, or that Home Depot did not pay the withheld taxes to the IRS. She has not, and simply cannot, make these allegations. Tellingly, nowhere in the Complaint does Plaintiff even attempt to dispute that Home Depot issued Form W-2s that accurately reported the amounts paid to her or the class or that the full amount reported was taxable income. Her allegation is only that a portion of these correctly-reported amounts reflected interest and, therefore, that Home Depot should not have classified that portion as "wages." Compl. [ECF 1-1] ¶¶ 6, 8. Under the cases cited above, Plaintiff's argument does not state a claim under Section


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

7434. It is, in fact, precisely the sort of unfounded, frivolous, and abusive action that Congress had expressly hoped to avoid:

> The Committee does not want to open the door to unwarranted or frivolous actions or abusive litigation practices. **The Committee is concerned, for example, about the possibility that an unfounded or frivolous action might be brought under this section by a current or former employee of an employer who is not pleased with one or more items that his or her current or former employer has included on the employee's Form W–2**. Therefore, actions brought under this section will be subject to Rule 11 of the Federal Rules of Civil Procedure, relating to the imposition of sanctions in the case of unfounded or frivolous claims, to the same extent as other civil actions.

House Report at 35 (emphasis added).

In short, "there is no § 7434 claim for the willful filing of the wrong type of information return." *Bruehl*, 2022 WL 1137295, at *8; *Liverett*, 192 F. Supp. 3d at 653 ("Surely Congress did not intend to require a court to make findings about the correct amount that should have been reported where there is no allegation that the defendant misrepresented the amount.").

**2. <u>Plaintiff Does Not Identify Any Basis to Find Willful Fraud</u>**

Plaintiff's Section 7434 claim also fails for an additional reason. The Ninth Circuit has required a plaintiff advancing a Section 7434 claim to "state with particularity the circumstances constituting fraud" under the heightened pleading standards of Fed. R. Civ. P. 9(b). *See Swallow v. Torngren*, 789 Fed. Appx. 610, 612 (9th Cir. (Cal.) Jan. 7, 2020) (unpub.). "[A]lthough Rule 9(b) permits knowledge and intent to be pled in general terms, a plaintiff still must allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Goodwin v. Amazon Services, LLC*, No. 1:17-cv-01157-AWI-BAM, 2018 WL 1229698 (E.D. Cal. Mar. 8, 2018) (citation omitted). To that end, a party must at least include "allegations of particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *County of Santa Clara v. Astra U.S., Inc.*, 428 F.Supp.2d 1029, 1032 (N.D. Cal. 2006); *see also UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F.Supp.3d 1092, 1108 (C.D. Cal. 2015) ("Where fraud has allegedly been perpetrated by a corporation, … plaintiffs


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

must allege the names of the employees or agents who purportedly made the fraudulent representations or omissions, or at a minimum identify them by their titles and/or job responsibilities.") (citing authorities).

In her Complaint, Plaintiff declares that Home Depot engaged in fraud by "wrongfully" including interest with true-up payments reported to the IRS in Box 1 of a Form W-2, but she includes no allegation as to why this was even "wrongful," much less "fraudulent." Plaintiff simply offers that an unidentified third-party administrator "warned" an unidentified person at Home Depot that its true-up payment plan was "incorrect" and that Home Depot "persisted" in the face of this warning. Compl. ¶¶ 6-7. But Plaintiff did not identify a single case, statute, regulation, or other tax authority to support her contention that including the interest component of the true-up payments in Box 1 of a W-2 was actually "incorrect," only that in this unnamed third-party administrator's experience it was not "usually done."[4] *Id.* These allegations do not remotely suggest fraud under the heightened standards of Rule 9(b). *Swallow*, 789 Fed. Appx. at 612.

**B. <u>Plaintiff Fails to State an Unlawful Deduction Claim under ORS 652.610(3)</u>**

Plaintiff asserts that an interest component of the true-up payment she and other putative class members received from Home Depot was "not wages," a bald assertion that she asks the Court to affirm by way of declaratory relief. Compl. [ECF 1-1] ¶¶ 8, 23 ("Plaintiff and the Class members seek a declaration by the Court … that the pre-judgment interest paid to them as part of the true-up payments does not constitute wages[.]"). According to Plaintiff, it follows that any employment tax withholding from the interest component of the true-up payments was "not authorized" and therefore an unlawful "over-deduction" in violation of ORS 652.610(3) (hereafter "Section 610"). *Id.* ¶ 17.

---

[4] Home Depot does not know the basis for this unidentified person's statement regarding what was "usually done." But it is true that Home Depot's true-up payments were made voluntarily, not pursuant to any court judgment or court-approved class settlement, and that this is not the "usual" situation in which claims administrators are involved.


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

These allegations are incoherent. On its face, Section 610 applies only where an employer makes an unauthorized deduction from an "employee's *wages*." (Emphasis added.) But Plaintiff repeatedly insists (and asks this Court to declare) that Home Depot violated Section 610 by making unauthorized deductions from an amount she contends was "*not* wages." Compl. ¶ 8 (emphasis added). Her allegations cannot be squared with the statute. It is simply not unlawful under Section 610 to make deductions from something that Plaintiff asserts is not a wage. Her Section 610 claim fails as a matter of law.

**C. <u>Plaintiff's Claim for Declaratory Relief Should Be Dismissed or Stricken</u>**

Plaintiff's third claim seeks declaratory relief. Compl. [ECF 1-1] ¶ 23. The Declaratory Judgment Act "permits a federal court to declare the rights of a party whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act does not create new substantive rights; it merely expands the remedies available in federal court. *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014). In addition, courts have broad discretion to decline to enter declaratory judgments. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995) (citing repeated U.S. Supreme Court characterizations of the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant").

As noted, Plaintiff seeks a series of declarations from the Court that (a) the interest paid to her and the putative class as part of the true-up payments "does not constitute wages"; (b) "no deductions should have been taken" from the interest portion of the true-up payments; and (c) Plaintiff and the putative class "do not owe FICA taxes" on the interest portion of the true-up payments. Compl. [ECF 1-1] ¶ 23. Plaintiff's request for these declarations should be dismissed or stricken for at least three reasons:

***First***, Plaintiff requests declarations of law that are the predicates of her other two claims. In other words, she requests that this Court confirm that her claims actually have a basis in law, not having identified any basis herself. When a plaintiff seeks to use the Declaratory Judgment


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

Act to obtain favorable declarations on issues of law that are "subsumed" in their other causes of action, the claim for declaratory relief is properly stricken as redundant or superfluous. *Motameni v. Adams*, 3:21-cv-01184-HZ, 2022 WL 3682940, at *4 (D. Or. Aug 25, 2022) ("A claim for declaratory relief should not be used to determine identical issues that are subsumed by other claims.") (citing *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 3d 1183, 1189 (E.D. Cal. 2010)).

***Second***, "[v]alid requests for declaratory relief target prospective conduct." *Colasanti v. City of Portland*, 3:19-cv-00443-YY-IM, 2021 WL 4317286, at *14 (D. Or. Aug 19, 2021), *report and recommendation adopted by* 2021 WL 4317667 (D. Or. Sept. 20, 2021). Where, as here, a plaintiff seeks declarations that target retrospective relief, in particular relief that is "intertwined with a claim for money damages," the declarations are "superfluous" for this additional reason. *Id*. (citing *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 848 n. 5 (9th Cir. 2002), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) ("[W]e consider declaratory relief retrospective to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred. In such a situation, however, declaratory relief is superfluous in light of the damages claim.").

***Third***, this Court's ability to provide declaratory relief as to issues of taxation is proscribed by multiple laws, including, relevant here, the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a) (court may declare the rights of a party "except with respect to Federal taxes").[5] Plaintiff seeks declarations that she and the putative class "do not owe FICA taxes," which is a declaration that this Court simply cannot give her. *See, e.g., Flaa v. Hollywood Foreign Press Assoc.*, 55 F. 4th 680, 696 (9th Cir. 2022) (explaining that the language of 28 U.S.C. § 2201(a) "creates a jurisdictional bar to declaratory relief related to federal tax controversies"); *Mitchell v. Riddell*, 402 F.2d 842, 846 (9th Cir.

---

[5] The Declaratory Judgment Act's prohibition on declaring the rights of parties with respect to federal taxes includes limited exceptions for, among other things, "actions brought under section 7428 of the Internal Revenue Code of 1986," which pertain to determinations of an organization's tax-exempt status. 28 U.S.C. § 2201(a); 26 U.S.C. § 7428(a)(2). The exceptions are not applicable here.


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

1968) ("This Court, and other Circuit Courts, unanimously hold that under the specific terms of § 2201, the courts have no jurisdiction to enter declaratory judgment with respect to Federal taxes."); *Wright v. Atech Logistics, Inc*., No. 3:20-cv-00469-SB-MO, 2020 WL 4373449, at *2 (D. Or. Jul. 9, 2020), *report and recommendation adopted by* 2020 WL 4369445 (D. Or. Jul. 30, 2020) (holding that Declaratory Judgment Act barred plaintiff's claims relating to employer's alleged FICA miscalculation).

## CONCLUSION

For the foregoing reasons, Home Depot respectfully requests that the Court dismiss Plaintiff's lawsuit with prejudice.

DATED: September 26, 2024.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Christopher F. McCracken*

Christopher F. McCracken, OSB No. 894002
christopher.mccracken@ogletree.com
James M. Barrett, OSB No. 011991
james.barrett@ogletree.com
E.A. Meg Barankin, OSB No. 203436
meg.barankin@ogletree.com
Tel: (503) 552-2140

Evan R. Moses, CA Bar No. 198099
*Admitted Pro Hac Vice*
evan.moses@ogletree.com
Fax: (213) 239-9045

Attorneys for Defendant HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I served the foregoing **DEFENDANT'S MOTIONS TO DISMISS OR STRIKE** on the parties below:

Jon M. Egan, OSB No. 002467
jegan@eganlegalteam.com
JON M. EGAN, P.C.
15875 Boones Ferry Road, Unit 1527
Lake Grove, OR 97035
Email: jegan@eganlegalteam.com
Phone: (503) 697-3427

Jim W. Vogele, OSB No. 116366
jimvogele@gmail.com
JIM W. VOGELE, ATTORNEY AT LAW
812 NW 17th Avenue
Portland, OR 97209
Email: jimvogele@gmail.com
Phone: (503) 779-5415

Attorneys for Plaintiff KATHLEEN EISELE

■ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

■ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

Dated: September 26, 2024.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *<u>/s/ Douglas Paul</u>*
Douglas Paul
503-552-2140
douglas.paul@ogletree.com



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518