IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN EISELE,                                No. 3:24-cv-00764-HZ

           Plaintiff,                       OPINION & ORDER

    v.

HOME DEPOT U.S.A., INC., a Delaware
corporation
           Defendant.

Jon M. Egan
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009

Jim W. Vogele
812 N.W. 17th Avenue
Portland, OR 97209

    Attorneys for Plaintiff

Christopher F. McCracken
James M. Barrett
E.A. Meg Barankin
Ogletree Deakins
222 S.W. Columbia Street
Suite 1500
Portland, OR 97201

Evan Reed Moses
Ogletree Deakins
400 South Hope Street, Suite 1200
Los Angeles, CA 90071

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, Senior Judge:

This matter is before the Court on Defendant Home Depot U.S.A. Incorporated's Motion to Dismiss or Strike, ECF 116 (Case No. 3:20-cv-01740-HZ), ECF 22 (Case No. 3:24-cv-00764-HZ). For the following reasons the Court grants Defendant's Motion to Dismiss.

## BACKGROUND

On August 28, 2020, Kathleen Eisele filed a class action complaint against Home Depot U.S.A., Inc., in Multnomah County Circuit Court asserting claims for failure to pay wages when due in violation of Oregon Revised Statute § 652.120 and failure to pay wages on termination in violation of Oregon Revised Statute § 652.140. *Eisele I*, 3:20-cv-01740-HZ. Plaintiff alleged Defendant "rounded plaintiff's and other class members' time punches, resulting in a consistent net underpayment to them" and "failed to pay plaintiff and the class members all earned and unpaid wages (including vacation pay) within the statutory deadline to do so upon termination of their employment." *Eisele I,* Compl. ¶¶ 5-6. Defendant removed the matter to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

On July 22, 2022, the parties filed cross-motions for summary judgment as to whether rounding is permissible under Oregon law.

On November 29, 2022, the Court issued an Opinion and Order in which it concluded Defendant's rounding practice was not authorized under Oregon law, that any resulting net underpayment to hourly employees could not be excused as *de minimis*, and that Defendant had not willfully violated the law. *Eisele v. Home Depot*, 643 F. Supp. 3d 1175-76, 1180 (D. Or. 2022).

On January 16, 2023, Defendant stopped its practice of rounding nationwide. On February 23, 2023, Plaintiff moved for class certification in *Eisele I*. On May 5, 2023, Defendant

2 – OPINION & ORDER

"paid each of the putative class members . . . all net wages that were allegedly due as a result of Defendant's rounding practices." *Eisele I*, Wilson Decl., ECF 86, at ¶ 3. In addition, "[a]ll employees who were paid less on net under rounding than the time reflected in their time punches during their employment have now received payment for the alleged net underpayment plus interest." *Id.* At the May 17, 2023, hearing on Plaintiff's motion for class certification Defendant, relying on its "true-up" payments, asserted that Plaintiff's motion for class certification was moot. Plaintiff acknowledged receipt of the payments, but did not concede that putative class members had been properly compensated or that the true-up payments had been properly calculated. The Court permitted Plaintiff time to review the data that Defendant used to make the true-up payments in order to submit further briefing on whether class certification was moot and set a status conference for August 8, 2023.

On August 8, 2023, Plaintiff again acknowledged receipt of payment but asserted Defendant's "methodology of how they came up with the numbers, what they did, or how they calculated the interest, and what they did the deductions for and all of that" was incorrect, Defendant "did it the wrong way, from our perspective." *Eisele I*, Transcript of Proceeding, ECF 104, at 7. The Court permitted Defendant to file an amended answer to include the affirmative defense of payment, struck the pending motion for class certification, allowed Plaintiff 90 days to take discovery regarding the payment defense, and set a status conference for January 18, 2024.

At the January 18, 2024, conference Plaintiff's counsel reported he was "still trying to figure out exactly how [Defendant] did the math to come up with the payments that they made because it doesn't match our math." *Eisele I*, Transcript of Proceeding, ECF 105, at 4. Plaintiff's counsel stated, however, that "[Defendant's] number and my number are not far enough apart

3 – OPINION & ORDER

that I think it's going to go to trial[,]" and "[o]nce we figure out why the numbers are different, I have fairly good confidence that it will be able to settle." *Id.* at 5. The parties requested time to allow them time to see if they could "close [their] gap." *Id*. at 7-8. The Court agreed and set a status conference for March 19, 2024.

At the March 19, 2024 status conference Plaintiff's counsel reported that "[t]here was a problem with the payments that [Defendant] made . . . that's going to result in additional claims." *Eisele I*, Transcript of Proceeding, ECF 106, at 4. The parties requested another status conference in 60 days. The Court set a status conference for May 10, 2024.

On April 16, 2024, Plaintiff filed a class action complaint against Defendant in Multnomah County Circuit Court (*Eisele II*) alleging that when Defendant made the true-up payments in *Eisele I*, it improperly included prejudgment interest as wages on the putative class members' W-2 forms rather than issuing them form 1099s for the prejudgment interest. Plaintiff brings claims for wrongful deduction in violation of Oregon Revised Statute § 652.610; for filing a fraudulent federal information return in violation of 26 U.S.C. § 7434; and for declaratory judgment. Plaintiff seeks $96,777,200 in statutory damages and declaratory relief.

Defendant removed *Eisele II* to this Court on the basis of federal-question and CAFA jurisdiction. On May 25, 2024, Plaintiff moved to remand *Eisele II* to Multnomah County Circuit Court on the grounds that this Court lacks Article III standing and that the Tax Injunction Act and the comity doctrine required remand. On September 12, 2024, the Court issued an Opinion and Order denying the Motion to Remand. On that same date, the Court granted the parties' Motion to Consolidate and consolidated *Eisele I* and *II.*

On October 10, 2024, Plaintiff filed a First Amended Class Action Complaint ("FAC") in *Eisele II* which she alleges Defendant wrongfully included interest on back wages on Plaintiff

and the putative class members' W-2 forms. Plaintiff brings claims for wrongful deduction in violation of Oregon Revised Statute § 652.610; for filing a fraudulent federal information return in violation of 26 U.S.C. § 7434; and for declaratory, injunctive, and "further equitable" relief.

On November 1, 2024, Defendant filed a Motion to Dismiss or Strike the FAC filed in *Eisele II*. The Court took the Motion under advisement on January 31, 2025.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-

pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id. at 679*.

## DISCUSSION

Defendant moves to dismiss the FAC filed in *Eisele II* on the grounds that Plaintiff fails to state claims for violation of § 7434 and Or. Rev. Stat. § 652.610(3) and her claims for declaratory and injunctive relief are predicates of, and subsumed by, other claims.

**I.  26 U.S.C. § 7434**

Plaintiff alleges in her claim for violation of § 7434 that Defendant willfully filed fraudulent W-2 forms in connection with the true-up payments it made to Plaintiff and putative class members. FAC ¶ 19. Specifically Plaintiff alleges Defendant improperly included on Plaintiff's and the putative class members' W-2 forms the portion of the true-up payments for interest on back wages rather than issuing them form 1099s for the interest portion of true-up payments.

Defendant asserts Plaintiff's claim fails because (1) Plaintiff does not allege the kind of misreporting that is actionable under § 7434, (2) Defendant's reporting of the true-up payment was legally correct, and (3) Plaintiff fails to allege fraud with the specificity required under Federal Rules of Civil Procedure 9(b).

**A.  Foreclosure**

Plaintiff asserts Defendant is foreclosed by the arguments it made in response to Plaintiff's Motion to Remand from arguing that reporting of interest on backpay on Plaintiff's W-2 is not the type of harm that Congress sought to prevent in enacting § 7434. Specifically, in its opposition to remand Defendant asserted that Plaintiff had pled a concrete injury sufficient to establish Article III standing under § 7434, but in its Motion to Dismiss Defendant is asserting

Plaintiff has not established that Defendant's actions are the kind of harm that § 7434 is intended to prevent. Defendant asserts that Plaintiff misstates its position and the Court's ruling on the Motion to Remand and conflates Article III or constitutional standing with statutory standing.

In her Motion to Remand Plaintiff asserted she had not alleged a concrete injury and, therefore, the Court lacked Article III standing over her § 7434 claim. As the Court explained in its September 12, 2024 Opinion and Order, constitutional standing consists of three elements: "'[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Eisele v. Home Depot U.S.A., Inc.*, No. 3:24-CV-00764-HZ, 2024 WL 4164547, at *3 (D. Or. Sept. 12, 2024)(quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "To establish injury-in-fact, a plaintiff must show that she suffered 'an invasion of a legally protected interest" that is "concrete and particularized.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Court concluded "the inconvenience and possible 'significant personal loss' resulting from the IRS receiving fraudulent information on a plaintiff's return is a concrete injury," therefore, a statutory violation of § 7434 "alone is sufficient to establish a concrete injury-in-fact for Article III standing." *Id.*, at *5.

Statutory standing, on the other hand, examines "'whether a particular plaintiff has been granted a right to sue by the statute under which he or she brings suit.'" *Thompson Metal Fab, Inc. v. U.S. Dep't of Transp.*, 289 F.R.D. 637, 641 (D. Or. 2013)(quoting *Nuclear Info. and Res. Serv. v. Nuclear Regulatory Comm'n*, 457 F.3d 941, 950 (9th Cir. 2006)). Statutory standing was not the subject of the Court's analysis in deciding the Motion to Remand. Statutory standing is, however, the question at issue Defendant's Motion to Dismiss Plaintiff's § 7434 claim. Accordingly, the Court concludes that Defendant is not foreclosed from asserting

7 – OPINION & ORDER

Plaintiff has not stated a claim under § 7434 by arguments asserted in its opposition to remand or by the Court's decision on that motion.

    **B.**    **Merits**

Defendant asserts that Plaintiff does not allege the kind of misreporting that is actionable under § 7434 and, therefore, this claim should be dismissed.

26 U.S.C. § 7434(a) provides: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." Section 7434 was passed in reaction "to a specific policy problem: malcontents who sometimes file fraudulent information returns reporting large amount[s] of income for judges, law enforcement officials, and others who have incurred their wrath." *Eisele*, 2024 WL 4164547, at *4 (quotations omitted). *See also Serving Seniors Care, Inc. v. Serratore-Rebong Grp. of Companies Corp.*, No. C 23-02333 WHA, 2023 WL 6048782, at *3 (N.D. Cal. Sept. 15, 2023)("The legislative history of Section 7434 makes clear that it was enacted to address the fact that some taxpayers may suffer significant personal loss and inconvenience as the result of the IRS receiving fraudulent information returns, which have been filed by persons intent on either defrauding the IRS or harassing taxpayers.")(quotation omitted)). As "'Congress was aware of this issue - 'the malicious reporting of false payments' – . . . it is reasonable to conclude that § 7434 was designed specifically 'to afford a damages remedy for victims of that problem[,]' *i.e.*, the filing of false information returns *overstating* a person's income.'" *Id.* (quoting *Queen v. Zefco Inc.*, No. 8:19-CV-2966-TMC, 2020 WL 9350977, at *5 (D.S.C. June 18, 2020)(emphasis in *Queen*)).

Although the Ninth Circuit has not discussed the boundaries of § 7434, in *Liverett v. Torres Advanced Enter. Sols. LLC*, 192 F. Supp. 3d 648 (E.D. Va. 2016), the court conducted

a thorough statutory analysis of § 7434 to address the issue. In that case the plaintiff brought an action against the defendant alleging it violated § 7434 when it incorrectly identified the plaintiff as an independent contractor and reported its payments to the plaintiff on a form 1099 when, according to the plaintiff, he was an employee and his payments should have been reported on a W-2. The plaintiff did not allege that the 1099 forms reflected inaccurate amounts of payments, only that the payments were reported on the wrong form. The court analyzed "whether § 7434(a) creates a private cause of action where . . . the alleged misrepresentation is the filing of the wrong *type* of information return rather than a misrepresentation as to the amount of the payments made." *Id*. at 650 (emphasis in original). The court noted that although § 7434(a) appears "simple and straightforward," it contains an ambiguity in the phrase "with respect to payments purported to be made to any other person" because it is unclear what that phrase modifies. *Id*. On the one hand, "with respect to" may "describe[] [an] 'information return.'" *Id.* Under that interpretation "such an information return that is false or misleading in any respect aimed at obtaining something of value is 'fraudulent' and therefore actionable." *Id*. On the other hand, "with respect to payments purported to be made to any other person" may be interpreted "as limiting 'fraudulent.' Under [that] interpretation, the filing of an information return is actionable only if the information return is false or misleading as to the *amount* of payments purportedly made." *Id.* (emphasis added). The court noted that no court of appeals had addressed the ambiguity and although some district courts had found allegations similar to those in *Liverett* were sufficient to state a claim for violation of § 7434(a), those courts overlooked the ambiguity." *Id.* The court looked to the provisions of other sections of § 7434 and other sections of the Internal Revenue Code referred to in § 7434 and concluded that the logical inference is that "Congress intended for the actionable frauds to stem only from misrepresentations

9 – OPINION & ORDER

concerning the amounts paid." *Id.* at 652-53. The court also examined the legislative history of § 7434 and found the narrower scope of actionable frauds "accords with Congress's express desire 'not . . . to open the door to unwarranted or frivolous actions or abusive litigation practices' such as 'an unfounded or frivolous action . . . by a current . . . employee . . . who is not pleased with one or more items that . . . her current or former employer has included on the employee's Form W-2.'" *Id.* (quoting H.R. Rep. No. 104–506, at 35 (1996), reprinted in 1996 U.S.C.C.A.N. 1143, 1158). Ultimately, the court concluded that "§ 7434(a) must be read to provide a private cause of action only where a defendant willfully files information returns that misrepresent the *amount* of payments made." *Id.* at 655 (emphasis added). The majority of courts that have addressed the issue have adopted the reasoning and conclusion of *Liverett*. *See, e.g. Bruehl v. Duke Univ.*, No. 1:21CV590, 2022 WL 1137295, at *6, *8 (M.D.N.C. Apr. 18, 2022)("The 'dominant view' among courts is that these allegations do not state a claim under 26 U.S.C. § 7434," adopting *Liverett,* and dismissing the plaintiff's § 7434 claim)(citing *Butler v. Enter. Integration Corp.*, 459 F. Supp. 3d 78, 106 (D.D.C. 2020)(describing the court's conclusion in *Liverett*); *Sirin v. Portx, Inc.*, No. CV 20-7853 (SRC), 2020 WL 6194018, at *6 (D.N.J. Oct. 22, 2020)("This Court agrees with the *Liverett* court's statutory analysis and its conclusion. . . . The Complaint does not allege that the returns filed misrepresented the amount of payments made to Plaintiffs. As such, it fails to plead a sufficient claim for violation of 26 U.S.C. § 7434(a)."); *Evans v. United Parcel Serv., Inc.*, No. 19 CV 4818, 2020 WL 777253, at *3 (N.D. Ill. Feb. 18, 2020) ("[T]he majority of the district courts to have interpreted section 7434 agree: a violation requires misrepresenting the amount of payments made. Those decisions are persuasive."); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1299 (M.D. Fla. 2018)("an employer's filing of the

wrong information-return form cannot establish liability under Section 7434 unless the form willfully misstates the amount of payment")(quotation omitted)).

Plaintiff points to two cases that she contends support her position that she has alleged the kind of misreporting that states a claim under § 7434: *Campbell v. Manpow, LLC*, No. 4:22-cv-00786-O, 2023 WL 8580279 (N.D. Tex. Aug. 14, 2023), and *Doherty v. Turner Broad. Systems, Inc.*, 72 F.4th 324 (D.C. Cir. 2023). In *Campbell* the court noted the *Liverett* court performed a "thorough analysis," but it declined to adopt *Liverett's* conclusion and instead found that the "text [of § 7434] is clear on its face, making consideration of the legislative history inappropriate" and that an information return that is false or misleading in any respect is fraudulent and therefore actionable. 2023 WL 8580279, at *4. In so doing, the court acknowledged that "it reache[d] a result that differs from the majority of courts to address this issue." *Id.* No other court has joined *Campbell* in rejecting the ambiguity finding of *Liverett*. This Court finds that *Liverett* is the better reasoned case.

*Doherty* involved circumstances different from those at issue here and in *Liverett*. In *Doherty* the defendant included the plaintiff's workers' compensation payments as taxable income on the plaintiff's W-2 form. The plaintiff brought a claim under § 7434(a) on the basis that "[t]he federal tax code excludes workers' compensation payments from an employee's taxable gross income," and, therefore, those payments should not have been included on any IRS tax form. *Doherty* does not involve a dispute about whether an employer who reported taxable income in the correct amount should have reported the taxable income on a different form. As a result, the *Doherty* court did not distinguish *Liverett* and, in fact cited its central holding with approval.

The Court adopts the reasoning of *Liverett* and concludes that § 7434(a) provides a private cause of action only when a defendant willfully files information returns that misrepresent the *amount* of payments made. Plaintiff does not contend that Defendant misrepresented the total amount of payments it made to Plaintiff and the putative class members, only that Defendant should have reported the interest on back pay on a form 1099 rather than a form W-2. The Court, therefore, concludes Plaintiff has not established a claim for violation of § 7434.[1] Accordingly, the Court grants Defendant's Motion to Dismiss this claim.

## II. Oregon Revised Statute § 652.610(3)

Plaintiff alleges that by including the interest portion of Defendant's true-up payment in Plaintiff's W-2, Defendant "overdeducted" Oregon income tax and FICA from Plaintiff in violation of Or. Rev. Stat. § 652.610(3):

> [Defendant] . . . wrongfully treat[ed] both the back wages and interest on back wages portions of the true-up payment as wages. As such, [Defendant] overdeducted Oregon income tax and FICA [from the payments]
>
> * * *
>
> [Defendant] knew that the payments for interest on back wages were not wages subject to withholding, yet it . . . filed [W-2s] falsely listing wages in that amount. . . . Thus, the W-2s list amounts in boxes 1 ("Wages, tips, other compensation"), 3 ("Social security wages"), and 5 ("Medicare wages and tips") that are inaccurate.

FAC ¶¶ 7-8.

Or. Rev. Stat. § 652.610(3) provides: "An employer may not withhold [or] deduct . . . any portion of an employee's *wages*" except under certain circumstances. Emphasis added.

---

[1] Because the Court concludes that Plaintiff has not stated a claim because Plaintiff has not alleged that Defendant misrepresented the amount of payments on Plaintiff's and putative class members' W-2 forms, the Court does not address Defendant's other bases for dismissal of Plaintiff's § 7434 claim.

12 – OPINION & ORDER

Defendant moves to dismiss Plaintiff's claim for violation of § 652.610(3) on the grounds that the claim is based on her allegation that Defendant improperly deducted Oregon income tax and FICA from interest on back wages and Plaintiff explicitly alleges interest is not wages. Defendant points out that in the FAC Plaintiff identifies two subclasses: (1) the overdeduction subclass, consisting of all putative class members who had "overdeductions taken from their wages due to [Defendant's] wrongful treatment of interest on back wages as wages" and (2) the fraudulent information return subclass consisting of all putative class members "for whom [Defendant] filed a W-2 . . . misidentifying interest on back wages as wages." FAC ¶ 9. Plaintiff also incorporates all of the allegations that the interest portion of the true-up payment is not wages into her claim for violation of Or. Rev. Stat. § 652.610(3). FAC ¶ 15.

Although Plaintiff does not appear to dispute that § 652.610(3) applies only to improper withholdings from wages, Plaintiff asserts "[t]hat factual disagreement is premature and not a basis for a motion to dismiss." Pl. Resp. at 23. Plaintiff asserts she has stated a claim for violation of § 652.610(3) because "there is a distinction between a deduction *from* interest, and a deduction *from* wages *for* interest. . . . At the pleading stage, plaintiff has pled a plausible allegation that defendant made deductions from her wages that were not authorized by law." *Id.* (emphasis in original).

Plaintiff's assertion that there is a factual disagreement misses the mark. Defendant bases its argument on the facts alleged in the Amended Complaint and asserts those facts do not state a claim. Plaintiff alleges that because Defendant included interest in the amount of payments reported on the W-2, Defendant "overdeducted Oregon income tax and FICA." In other words, Defendant wrongfully deducted Oregon income tax and FICA from the interest portion of the payment to Plaintiff. Plaintiff explicitly pleads that "[Defendant] knew that the payments for

13 – OPINION & ORDER

interest on back wages were not wages subject to withholding." It is unclear what Plaintiff is asserting with her statement that there is a "difference between a deduction *from* interest, and a deduction *from* wages *for* interest," but in any event, Plaintiff did not plead that Defendant made a deduction "from wages for interest."

The Court concludes that § 652.610(3) on its face provides a cause of action only if an employer withholds or deducts any portion of an employee's *wages* except under the circumstances set out in that section, which do not apply here. Plaintiff's claim for violation of § 652.610(3) as pled is that Defendant wrongfully withheld Oregon income tax and FICA from the interest portion of its payment to Plaintiff and that interest is not a wage. The Court, therefore, concludes that Plaintiff has failed to state a viable claim for violation of § 652.610(3). Accordingly, the Court grants Defendant's Motion to Dismiss this claim.

### III.    Declaratory Relief

In her third claim Plaintiff seeks three declarations from the Court:

>    a.    that the interest paid to them as part of the true-up payments does not constitute wages for FICA or Oregon income tax withholding purposes;
>
>    b.    that no FICA or Oregon income tax withholdings should have been taken for the interest portion of the true-up payments; and
>
>    c.    that plaintiff and the Class members did not and do not owe FICA taxes on the interest portion of the true-up payments.

FAC ¶ 22.

Defendant moves to dismiss or to strike Plaintiff's third claim on several bases including that it is redundant of Plaintiff's other claims and subsumed within those claims.

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or

not further relief is or could be sought." The Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952).

"It is well-established that declaratory judgment is not an independent cause of action, but an equitable remedy." *SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-CV-06543-BLF, 2024 WL 3745009, at *18 (N.D. Cal. Aug. 8, 2024)(citing *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1038 (9th Cir. 2023)(noting that a requests for declaratory and injunctive relief are not stand-alone claims)). *See also City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022)("The Declaratory Judgment Act does not provide a cause of action when a party . . . lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief. The availability of relief under the Declaratory Judgment Act 'presupposes the existence of a judicially remediable right.'")(quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); and citing *Republic of Marshall Islands v. United States*, 865 F.3d 1187, 1199 n.10 (9th Cir. 2017)). In *City of Reno v. Netflix, Inc.*, the plaintiff filed a complaint against the defendants seeking to represent a class of "[a]ll Nevada cities and counties in which one or more of the Defendants has provided video service." 52 F.4th at 877. The plaintiff alleged that the defendants were "video service providers" within the meaning of Nevada's Video Service Law ("VSL"), Nev. Rev. Stat. § 711.020 *et seq*, and therefore they must pay franchise fees. The plaintiff sought damages for the defendants' alleged failure to pay franchise fees and a declaration that the defendants "are covered by the VSL and were required . . . pay franchise fees." *Id.* The defendants moved to dismiss the plaintiffs' claims. The district court granted the defendants' motions because, among other things, the plaintiff "lacked a private right of action under the VSL." *Id.* On appeal the Ninth Circuit affirmed the district court's conclusion that the VSL did not provide a cause of

15 – OPINION & ORDER

action for the plaintiff. The Ninth Circuit also held the district court did not err in dismissing the plaintiff's request for declaratory judgment because "[t]he Declaratory Judgment Act does not provide a cause of action when a party, such as [the plaintiff], lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief. The availability of relief under the . . . Act 'presupposes the existence of a judicially remediable right.'" *Id.* at 878 (quoting *Schilling,* 363 U.S. at 677 and citing *Republic of Marshall Islands*, 865 F.3d at 1199 n.10).

The Court has found that Plaintiff has not established that either § 7434 or Or. Rev. Stat. § 652.610(3) create a cause of action for reporting the correct amount of payments on an allegedly incorrect form or for deductions taken from interest. Because the Declaratory Judgment Act does not provide a cause of action when a party lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief, the Court concludes the Act does not provide a cause of action for Plaintiff here. The Court, therefore, grants Defendant's Motion to Dismiss Plaintiff's claim for declaratory relief. *See Spangler v. Selene Fin. LP*, No. 16-cv-05103-WHO, 2016 WL 5681311, at *7 (N.D. Cal. Oct. 3, 2016)(dismissing claim for declaratory judgment because declaratory relief is not an independent cause of action and plaintiff's complaint otherwise failed to state a claim under which any relief could be granted)).

**IV.     Injunctive Relief**

Plaintiff also seeks injunctive relief pursuant to 28 U.S.C. § 2202 "requiring [Defendant] to issue corrected W-2c forms to the Class members and file them with the IRS, showing in boxes 1, 3, and 5 only the back wages paid as part of the true-up payments." FAC ¶ 23. Plaintiff also requests the Court require Defendant to either:

> a.   repay or reimburse them the amounts of FICA deductions that were made from the true-up payments for interest; or

      b.    take the following actions allowing the Class and Subclass members to make refund requests for those amounts under 26 C.F.R. § 31.6402(a)-2:

          1.    provide them with statements supporting the employees' claims, per 26 C.F.R. § 31.6402(a)-2(b)(2), including "setting forth (a) the extent, if any, to which the employer has repaid or reimbursed the employee in any manner for the overcollection, and (b) the amount, if any, of credit or refund of such overpayment claimed by the employer or authorized by the employee to be claimed by the employer [and] the fact that it is made in support of a claim against the United States to be filed by the employee for refund of employee tax paid by such employer to the IRS"; and

          2.    Pay the cost for Class and Subclass members to seek the assistance of tax professionals in order to fill out Form 843 to seek this refund.

FAC ¶ 24.

"[U] under 28 U.S.C. § 2202, '[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted . . . against any adverse party whose rights have been determined by such judgment.'" *United States v. Idaho*, No. 1:22-CV-00236-DCN, 2024 WL 3966737, at *19 (D. Idaho Aug. 28, 2024). *See also Powell v. McCormack*, 395 U.S. 486, 499 (1969)("A declaratory judgment can then be used as a predicate to further relief, including an injunction")). "[A] request for injunctive relief, however, is not a standalone claim, but rather requires some other substantive basis for liability." *Fish v. Aviation*, No. 18-CV-06671-VKD, 2019 WL 690286, at *6 (N.D. Cal. Feb. 19, 2019). "Federal . . . courts have held that an 'injunction is a remedy, not a cause of action.'" *Id.* (citing *Lutz v. CBRE Grp., Inc.,* 3:12-CV-2625-JM (DHB), 2013 WL 4102157, at *9 (S.D. Cal. Aug. 13, 2013)("As injunctive relief is a type of relief, [defendant's] motion [to dismiss] is granted without leave to amend as to this 'claim.'")).

17 – OPINION & ORDER

Because the Court concludes Plaintiff has not stated any claim for which she might be entitled to statutory or declaratory relief, Plaintiff's claim for injunctive relief under § 2202 must be dismissed. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for injunctive relief.

## V.    Leave to Amend

A district court should provide leave to amend upon granting a motion to dismiss unless it is clear that the complaint could not be saved by any amendment. *See Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012)(*citing Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008)). "Valid reasons for denying leave to amend include . . . futility." *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987). *See also Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015)(leave to amend is properly denied if the proposed amendment lacks merit or would be futile in saving plaintiff's suit); *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)(holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

The Court finds the deficiencies in the FAC may not be cured by amendment because as pled Plaintiff cannot state a claim for violation of § 7434 or Or. Rev. Stat. § 652.610(3). If, however, Plaintiff repleads her claims to allege that the portion of the true-up payment that was for interest on back wages is, in fact, wages, then under both statutes Defendant properly reported the entire payment on Plaintiff's W-2. The Court, therefore, declines to grant Plaintiff leave to file a second amended complaint.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss or Strike, ECF 116 (Case No. 3:20-cv-01740-HZ), ECF 22 (Case No. 3:24-cv-00764-HZ).

IT IS SO ORDERED.


DATED:__February 28, 2025____.


                                                _____
                                                MARCO A. HERNÁNDEZ
                                                United States Senior District Judge