IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN EISELE,                                No. 3:24-cv-00764-HZ
                                                     3:20-cv-1740-HZ
        Plaintiff,

    v.                                          OPINION & ORDER

HOME DEPOT U.S.A., INC., a Delaware
corporation

        Defendant.


Jon M. Egan
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009

Jim W. Vogele
812 N.W. 17th Avenue
Portland, OR 97209

    Attorneys for Plaintiff

1 – OPINION & ORDER

Christopher F. McCracken
James M. Barrett
E.A. Meg Barankin
Ogletree Deakins
222 S.W. Columbia Street
Suite 1500
Portland, OR 97201

Evan Reed Moses
Ogletree Deakins
400 South Hope Street, Suite 1200
Los Angeles, CA 90071

      Attorneys for Defendant

HERNÁNDEZ, Senior Judge:

This matter is before the Court on Plaintiff Kathleen Eisele's Motion for Relief from Judgment and Leave to Amend or Supplement with Alternative State Legal Theories, ECF 130 (Case No. 3:20-cv-01740-HZ), ECF 38 (Case No. 3:24-cv-00764-HZ). For the following reasons the Court denies Plaintiff's Motion.

## BACKGROUND

On August 28, 2020, Kathleen Eisele filed a class action complaint against Home Depot U.S.A., Inc., in Multnomah County Circuit Court asserting claims for failure to pay wages when due in violation of Oregon Revised Statute § 652.120 and failure to pay wages on termination in violation of Oregon Revised Statute § 652.140. *Eisele I*, 3:20-cv-01740-HZ. Plaintiff alleged Defendant "rounded plaintiff's and other class members' time punches, resulting in a consistent net underpayment to them" and "failed to pay plaintiff and the class members all earned and unpaid wages (including vacation pay) within the statutory deadline to do so upon termination of their employment." *Eisele I,* Compl. ¶¶ 5-6. Defendant removed the matter to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

On July 22, 2022, the parties filed cross-motions for summary judgment as to whether rounding is permissible under Oregon law.

On November 29, 2022, the Court issued an Opinion and Order in which it concluded Defendant's rounding practice was not authorized under Oregon law, that any resulting net underpayment to hourly employees could not be excused as *de minimis*, and that Defendant had not willfully violated the law. *Eisele v. Home Depot*, 643 F. Supp. 3d 1175-76, 1180 (D. Or. 2022).

On January 16, 2023, Defendant stopped its practice of rounding nationwide. On February 23, 2023, Plaintiff moved for class certification in *Eisele I*. On May 5, 2023, Defendant "paid each of the putative class members . . . all net wages that were allegedly due as a result of Defendant's rounding practices." *Eisele I,* Wilson Decl., ECF 86, at ¶ 3. In addition, "[a]ll employees who were paid less on net under rounding than the time reflected in their time punches during their employment have now received payment for the alleged net underpayment plus interest." *Id.* At the May 17, 2023, hearing on Plaintiff's motion for class certification Defendant, relying on its "true-up" payments, asserted that Plaintiff's motion for class certification was moot. Plaintiff acknowledged receipt of the payments, but did not concede that putative class members had been properly compensated or that the true-up payments had been properly calculated. The Court permitted Plaintiff time to review the data that Defendant used to make the true-up payments to determine whether class certification was moot.

At a third status conference on the March 19, 2024 Plaintiff's counsel reported that "[t]here was a problem with the payments that [Defendant] made . . . that's going to result in additional claims." *Eisele I*, Transcript of Proceeding, ECF 106, at 4. The parties requested a fourth status conference, which the Court set on May 10, 2024.

3 – OPINION & ORDER

On April 16, 2024, Plaintiff filed a class action complaint against Defendant in Multnomah County Circuit Court (*Eisele II*) alleging that when Defendant made the true-up payments in *Eisele I*, it improperly included prejudgment interest as wages on the putative class members' W-2 forms rather than issuing them form 1099s for the prejudgment interest. Plaintiff brought claims for wrongful deduction in violation of Oregon Revised Statute § 652.610; for filing a fraudulent federal information return in violation of 26 U.S.C. § 7434; and for declaratory judgment. Plaintiff sought $96,777,200 in statutory damages and declaratory relief.

Defendant removed *Eisele II* to this Court on the basis of federal-question and CAFA jurisdiction. On May 25, 2024, Plaintiff moved to remand *Eisele II* on the grounds that this Court lacks Article III standing and that the Tax Injunction Act and the comity doctrine required remand. On September 12, 2024, the Court denied the Motion to Remand and consolidated *Eisele I* and *II*.

On September 26, 2024, Defendant moved to dismiss *Eisele II* on the grounds that (1) Plaintiff alleged the wrong kind of "misreporting" to state a claim for violation of § 7434 and (2) § 652.610 only applies to unauthorized deductions from wages and Plaintiff specifically alleged the interest component of the true-up payment was not wages, therefore, Plaintiff did not state a claim for violation of § 652.610. On October 10, 2024, Plaintiff filed an opposition to Defendant's Motion.

Also on October 10, 2024, Plaintiff filed a First Amended Class Action Complaint ("FAC") in *Eisele II* which she alleged Defendant wrongfully included interest on back wages on Plaintiff and the putative class members' W-2 forms. Plaintiff brought claims for wrongful deduction in violation of Oregon Revised Statute § 652.610; for filing a fraudulent federal

4 – OPINION & ORDER

information return in violation of 26 U.S.C. § 7434; and for declaratory, injunctive, and "further equitable" relief.

On November 1, 2024, Defendant withdrew its Motion to Dismiss Plaintiff's Complaint and filed a Motion to Dismiss or Strike the FAC on the same grounds that Defendant had previously moved to dismiss Plaintiff's Complaint. On February 28, 2025, the Court issued an Opinion and Order granting Defendant's Motion to Dismiss and denying Plaintiff leave to file a second amended complaint on the basis that the deficiencies in the FAC could not be cured by amendment.

On March 30, 2025, Plaintiff filed a Motion for Relief from Judgment and Leave to Amend or Supplement with Alternative State Legal Theories. The Court took the Motion under advisement on April 28, 2025.

## STANDARDS

**I.    Rule 59(e)**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or to amend judgment no later than 28 days after the entry of judgment. "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022)(quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)). "A Rule 59(e) motion 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Guthrey through Guthrey v. Alta Cal. Reg'l Ctr.*, No. 23-16056, 2024 WL 4002911, at *2 (9th Cir. Aug. 30, 2024)(quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The Ninth Circuit has occasionally included "manifest injustice" as a basis to grant a

Rule 59(e) motion. *See, e.g., Witkin v. Wise*, No. 23-15020, 2025 WL 636316, at *1 (9th Cir. Feb. 27, 2025)(citing *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)("Rule 59(e) motions are reviewed for abuse of discretion and may be granted . . . to prevent a manifest injustice.")).

"District courts have 'considerable discretion' in deciding Rule 59(e) motions." *Kaufmann*, 32 F.4th at 850 (quoting *Turner*, 338 F.3d at 1063).

**II.    Rule 60**

Rule 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022)(quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). "Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect.'" *Id.* (quoting Fed. R. Civ. P 60(b)(1)). Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment:

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

"Finally, Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable. *Kemp,* 596 U.S. at 533 (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988)).

"Rule 60(b) relief should be granted sparingly to avoid manifest injustice and *only* whe[n]

extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Saepoff v. HSBC Bank USA as Tr. for Ace Sec. Corp. Home Equity Loan Tr. 2007-WM2*, No. 20-36031, 2022 WL 1500799, at *2 (9th Cir. May 12, 2022)(emphasis in original). *See also Kemp,* 596 U.S. at 533 (quotations omitted)("Even [when Rules 60(b)(1) through (b)(5) are inapplicable], extraordinary circumstances must justify reopening.").

## DISCUSSION

Plaintiff "moves to clarify, alter or amend, or correct, and/or for relief from" judgment "[p]er Fed. R. Civ. P. 59(e) and/or 60" to "correct manifest error and to prevent injustice." Pl. Motion, ECF 38, at 1. Plaintiff does not assert she has newly discovered evidence or that there has been an intervening change in the controlling law; nor does she assert mistake, inadvertence, surprise, or excusable neglect; and she does not assert fraud, that the judgment is void, or that the judgment has been satisfied, released, or discharged. The Court, therefore, assumes Plaintiff asserts her request for relief from judgment pursuant to either the catchall provision of Rule 60(b)(6) or the sometimes permitted basis of manifest injustice under Rule 59(e).

Plaintiff concedes that the Court explained in its February 28, 2025, Opinion and Order why it denied leave to amend the claims that Plaintiff asserted in her FAC, but asserts the Court did not explain why it "denied leave to amend the complaint as a whole." Pl. Mot. at 2. Specifically, although the Court rejected Plaintiff's "initial legal theories . . . that does not mean that other valid legal theories cannot be raised that would bring the . . . merits question before the Court for decision." *Id*. at 2-3. Plaintiff asks the Court to vacate the Judgment and allow her to amend the FAC "to state alternative theories for recovery on the facts already pled." *Id.* at 3.

The Ninth Circuit has found that district courts did not err when they rejected requests to "reopen" judgments under similar circumstances. For example, in *Weeks v. Bayer*, 246 F.3d 1231

(9th Cir. 2001), the plaintiff filed an action contending that his termination violated his First Amendment right to free speech. The defendant denied the plaintiff's claims and in July 1998, moved for judgment on the pleadings. The plaintiff responded, opposed the defendant's motion, and made no attempt to amend his complaint. In February 1999, the district court granted the defendant's motion for judgment on the pleadings on the basis that the plaintiff's speech did not relate to a matter of public concern and entered a judgment dismissing the matter. The plaintiff moved "to reopen the judgment" and to amend his complaint. *Id.* at 1234. The district court denied both motions and the plaintiff appealed. The Ninth Circuit affirmed concluding that the plaintiff's speech did not relate to a matter of public concern and that the district court did not err in denying the plaintiff's motions to reopen judgment and to amend his complaint. The Ninth Circuit explained:

> In support of th[e] argument [that the district court erred when it denied leave to amend the complaint], [the plaintiff] notes the policy interests that require courts to liberally grant leave to amend. *Cf.* Fed. R. Civ. P. 15(a). But that rationale is inapposite here. The issue is not leave to amend, as [the plaintiff] did not seek to amend his complaint prior to the entry of judgment. The question is whether the court, when it dismissed the case, committed some clear error that required it to reopen that judgment. . . . [T]he district court did not clearly err. Faced with a complaint that did not state a cause of action, the district court properly granted judgment on the pleadings. [The plaintiff] only sought to amend after he lost and final judgment was entered. Even then, he offered no new evidence, nor did he claim any intervening change in the law. To permit [the plaintiff] to amend his complaint post-judgment - particularly in light of the fact that he did not seek to amend during the seven months that the motion for judgment on the pleadings was pending – would simply grant him the forbidden "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998). This is not the purpose of Rule 59. *389 Orange St. Partners*, 179 F.3d at 665.

*Id*. at 1236-37. Similarly in *Burgess v. Sailors' Union of Pac.*, 63 F. App'x 337 (9th Cir. 2003), the plaintiff appealed the "district court's denial of his post-judgment motions to amend the judgment and the complaint" asserting that "given the lenient amendment standards, the district

8 – OPINION & ORDER

court should have permitted him to amend his pleading" to add a new claim. *Id.* at 339. The Ninth Circuit affirmed explaining that the plaintiff "and the cases he relies on, fail to recognize that here the motion to amend was not made until after the entry of judgment. In that posture, we require a plaintiff to reopen a case before amending a pleading." *Id.* (citation omitted). "The rationale requiring courts to liberally grant leave to amend is inapposite after the entry of judgment." *Id.*

Plaintiff did not seek to amend her FAC until after the Court granted Defendant's Motion to Dismiss and entered a Judgment and Plaintiff does not point to new evidence or claim any intervening change in the law. In addition, in its first Motion to Dismiss Defendant put Plaintiff on notice that her initial Complaint failed to state a claim. Plaintiff then filed a FAC, but did not assert any new or different claims. Plaintiff had the chance to amend her Complaint and to seek to amend her FAC to allege new legal theories or claims months before the Court ruled on Defendant's second Motion to Dismiss and entered the Judgment, but Plaintiff did not do so. Plaintiff does not allege she was unable to bring other or additional claims in her FAC and her strategic decision not to is not an extraordinary circumstance warranting relief under Rule 59 or 60. *See, e.g., In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, No. ML132438PSGPLAX, 2017 WL 4772567, at *4 (C.D. Cal. Aug. 11, 2017)("[T]here has been no change in controlling law or a clear error made by this Court. There has been no mistake, surprise, excusable neglect, or fraud. There has only been an ill-fated strategic decision made by the Plaintiffs, and [Rule 59] motions . . . are not intended to afford the movant an opportunity for a do-over."). Rather, permitting Plaintiff to reopen the Judgment and allege new claims at this point would "grant [her] the forbidden second bite at the apple." *Id.* (quotation omitted). *See also Alperin v. The Franciscan Ord.*, No. C-99-4941 MMC, 2009 WL 3809805, at *3 (N.D. Cal. Nov. 13, 2009)

9 – OPINION & ORDER

(citing *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006)("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret.")).

Plaintiff relies on *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) for her assertion that the Court should vacate the Judgment and allow Plaintiff to amend her FAC "to state alternate theories for recovery on the underlying facts already plead." Pl. Mot. at 3. The Ninth Circuit made clear in that case, however, that when "dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)). Plaintiff does not seek to reopen the Judgment and to file a second amended complaint to allege other or new facts, rather she seeks to amend to allege new claims based on the same facts. The Ninth Circuit has held, however, that "[a] [Rule 59] motion for reconsideration 'may *not* be used to raise arguments [or new theories of liability] . . . for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)(emphasis in original)(citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Royal Ins. Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999)(trial court properly denied motion to amend complaint to assert new theories of liability where proposed complaint attempted to assert new causes of action based on facts known since the inception of the lawsuit). *See also Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986)("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

"Rule 59(e) is not a vehicle for undoing strategic decisions that, with the benefit of hindsight, have proven ill-advised." *Universal Trading & Inv. Co. v. Dugsbery Inc.*, No. C 08-03632 CRB, 2011 WL 1302255, at *4 n.2 (N.D. Cal. Apr. 5, 2011). Similarly, "'Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts[.]'" *Afoa v. China Airlines, Ltd.*, 817 F. App'x 369, 371 (9th Cir. 2020)(quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006))

Finally, when, as here, Rule 15(a)'s liberal standards do not apply "the court must instead determine whether it was manifest error to dismiss Plaintiff['s] first amended complaint with prejudice and without leave to amend under Rule 59(e)" or 60. *McCarthy v. Amazon.com, Inc.*, No. C23-0263JLR, 2023 WL 5509258, at *6 (W.D. Wash. Aug. 25, 2023)(citations omitted). To establish manifest error, Plaintiff must show, "based upon the entire record before the court when it denied . . . leave to amend, that the alleged clear error was one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Id.* Plaintiff has not done so. First, the Ninth Circuit grants courts "particularly broad" discretion to deny leave to amend "[w]he[n] the plaintiff has previously filed an amended complaint," whether by stipulation of the parties or with leave of court. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (quotation omitted); *Chang v. Noh*, 787 F. App'x 466, 467-68 (9th Cir. 2019)(district court did "not abuse its discretion by denying [a plaintiff's] request for leave to amend a second time" when the plaintiff "had previously amended his complaint once by stipulation of the parties"). Second, Plaintiff fails to show that the Court's reasoning for finding that leave to amend would be futile constitutes manifest error. "[W]ithout newly discovered, material evidence, the party seeking leave to amend must establish that the court manifestly erred in denying leave to amend

11 – OPINION & ORDER

based on the record as it was when it denied leave to amend." *McCarthy*, 2023 WL 5509258, at *8 n.15 (citing *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231-32 (D. Ariz. 2012)). "In such circumstances, the party cannot rely on claims and allegations raised for the first time on a Rule 59(e) motion." *Id.* (citing *Marlyn Nutraceuticals*, 571 F.3d at 877; *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)(holding district court did not abuse its discretion by dismissing complaint without leave to amend where plaintiff did not indicate it had additional claims to bring prior to dismissal)). Plaintiff, therefore, has not cleared the "high hurdle" necessary to show manifest error and to justify reopening the final judgment. Accordingly, the Court denies Plaintiff's request to reopen the judgment and to permit her to amend her FAC.

## CONCLUSION

The Court DENIES Plaintiff's Motion for Relief from Judgment and Leave to Amend or Supplement with Alternative State Legal Theories, ECF 130 (Case No. 3:20-cv-01740-HZ), ECF 38 (Case No. 3:24-cv-00764-HZ).

IT IS SO ORDERED.

DATED:_____May 19, 2025_____.

_____
MARCO A. HERNÁNDEZ
United States Senior District Judge