IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN EISELE,                                No. 3:20-cv-1740-AB

                    Plaintiff,                  OPINION & ORDER

        v.

HOME DEPOT U.S.A., INC., a Delaware
corporation
                    Defendant.


Jon M. Egan
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009

Jim W. Vogele
812 N.W. 17th Avenue
Portland, OR 97209

        Attorneys for Plaintiff


1 – OPINION & ORDER

James M. Barrett
E.A. Meg Barankin
Ogletree Deakins
222 S.W. Columbia Street
Suite 1500
Portland, OR 97201

Evan Reed Moses
Ogletree Deakins
400 South Hope Street, Suite 1200
Los Angeles, CA 90071

      Attorneys for Defendant

**BAGGIO, District Judge**:

This matter is before the Court on Defendant Home Depot's Motion for Reconsideration in Part. ECF No. 160. For the following reasons the Court denies Defendant's Motion and adheres to its March 17, 2026, Opinion and Order.

## BACKGROUND

Because the parties are familiar with the facts of this five-year litigation, the Court sets out only the facts that are relevant to the pending Motion

On August 28, 2020, Plaintiff Kathleen Eisele filed a class action complaint[1] against Defendant Home Depot U.S.A., Inc., asserting claims for failure to pay wages when due in violation of Or. Rev. Stat. § 652.120 and failure to pay wages on termination in violation of Or. Rev. Stat. § 652.140. Plaintiff alleged Defendant "rounded plaintiff's and other class members' time punches, resulting in a consistent net underpayment to them" and "failed to pay plaintiff and the class members all earned and unpaid wages (including vacation pay) within the statutory deadline to do so upon termination of their employment." Compl. ¶¶ 5-6, ECF No. 1.

---

[1] The Court has not certified a class in this matter.

2 – OPINION & ORDER

The parties filed cross-motions for summary judgment as to whether rounding is permissible under Oregon law.

United States District Court Judge Marco Hernandez issued an Opinion and Order in which he concluded Defendant's rounding practice was not authorized under Oregon law, that any resulting net underpayment to hourly employees could not be excused as *de minimis*, and that Defendant had not willfully violated the law.

On January 16, 2023, Defendant stopped its practice of rounding nationwide. On May 5, 2023, Defendant "paid each of the putative class members . . . all net wages that were allegedly due as a result of Defendant's rounding practices" plus interest. Wilson Decl. ¶ 3, ECF No. 86.

On September 29, 2025, Defendant moved for summary judgment on Plaintiff's claims on the grounds that it had paid Plaintiff and the putative class members all sums lost due to Defendant's rounding, it had discharged its debt, and the individual and putative class claims were moot.

This matter was reassigned to this Court, and on March 17, 2026, the Court issued an Opinion and Order granting in part and denying in part Defendant's Motion for Summary Judgment.

On April 14, 2026, Defendant filed a Motion for Reconsideration in Part.

## STANDARDS

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances[.]" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "'Reconsideration is appropriate if the district court (1) is presented

with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *White v. Prestige Default Servs., LLC*, No. 24-7868, 2026 WL 84718, at *2 (9th Cir. Jan. 12, 2026) (quoting *Sch. Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Sahm v. Ali*, No. 23-35537, 2026 WL 1122038, at *1 (9th Cir. Apr. 24, 2026) (same). "Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Franquemont v. Stinnett*, No. 3:26-CV-05051-BHS, 2026 WL 1079812, at *1 (W.D. Wash. Apr. 21, 2026) (quotation omitted). "Whether to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

Defendant moves for reconsideration of the Court's conclusion that Defendant is not entitled to summary judgment because it did not establish that it paid Plaintiff and all putative class members sufficient prejudgment interest. Defendant asserts the Court erred when it held that under Oregon law prejudgment interest runs from the date of each payday that Plaintiff and putative plaintiffs were underpaid due to Defendant's rounding practice and, therefore, Defendant miscalculated the prejudgment interest due because it began running prejudgment interest only after Defendant stopped its rounding practice. Plaintiff asserts that Defendant does not point to newly discovered evidence, clear error, or an intervening change in controlling law, therefore, reconsideration is inappropriate.

I.      **Background**

At summary judgment Defendant stated that it calculated prejudgment interest for Plaintiff and putative class members by starting from the earlier of when Plaintiff and the putative plaintiffs' employment with Defendant ended or on January 16, 2023 (the date on which Defendant ended its rounding practice). Defendant explained that it did so because "because this was wholly consistent with the theory of damages and class definition Plaintiff offered to the Court" at oral argument on the 2022 cross-motions for summary judgment. *Eisele v. Home Depot U.S.A., Inc.*, No. 3:20-CV-1740-AB, 2026 WL 752429, at *9 (D. Or. Mar. 17, 2026). Defendant contended that it was appropriate to calculate prejudgment interest only after Plaintiff or putative plaintiffs' "course of employment" was completed or the rounding practice ended because Plaintiff "committed to defining the class and limiting class membership and standing to those . . . employees who experienced a net rounding loss over the course of their employment." *Id.*

Plaintiff asserted that the definition of the class for purposes of determining membership and standing does not determine how prejudgment interest is calculated under Oregon law, rather, Or. Rev. Stat. § 82.010(1)(a) provides the required method of calculation. That statute provides in relevant part: "The rate of interest . . . is nine percent per annum and is payable on . . . (a) [a]ll moneys after they become due." ORS 652.120(1) provides: "Every employer shall establish and maintain a regular payday, at which date the employer shall pay all employees the wages due and owing to them." According to Plaintiff, under Oregon law when a company underpays a worker on payday, prejudgment interest on that underpayment begins running immediately after that pay date.

The Court found Plaintiff's argument persuasive and concluded Plaintiff and putative plaintiffs are entitled to prejudgment interest that accrued from the paydays on which they

received less wages due to rounding and the date either Defendant ended its rounding practice or the date applicable to the manner in which their employment ended under § 652.140(1) or (2)). *Eisele,* 2026 WL 752429, at *10. The Court also noted that the putative class remained as "Plaintiff described it at the hearing," and pointed out that Jennifer Murphy testified in her Declaration that she calculated interest on the "underpayment or overpayment for each pay period" only "[f]or employees who were net underpaid," which is consistent with the putative class as represented by Plaintiff. *Id.* n.4 (quoting Murphy Decl. ¶ 6, ECF 154).

## II.    Bases for Reconsideration

### A.    Methodology

Defendant asserts reconsideration is appropriate because in its March 17, 2026 Opinion and Order "the Court did not consider, or address, the . . . fact that [Defendant's] calculations were based on the methodology that *Plaintiff earlier conceded was legally appropriate*[.]" Def.'s Mot. 3, ECF No. 160 (emphasis in original). Defendant's argument is based on Plaintiff's statement that the class would include only those who are "owed money as a result of their employment at Home Depot, right, so total, because if – if somebody has experienced both positive and negative rounding over the time they've been there, but at the end of the day, Home Depot has overpaid them, they have no standing. They can't bring a claim for lost wages" made at the 2022 hearing during a discussion with Judge Hernandez about the definition of the putative class. *Eisele*, 2026 WL 752429, at *9.

This Court, however, addressed that argument in its March 17, 2026 Opinion and Order. The Court agreed with Plaintiff's assertion that the definition of the class for purposes of determining membership and standing does not determine how prejudgment interest is calculated under Oregon law. The Court explained that ORS 82.010(1)(a) provides the required method of

calculation of prejudgment interest and states that interest "is payable on . . . (a) [a]ll moneys after they become due." In turn ORS 652.120 requires employers to establish a regular payday "at which date the employer shall pay all employees the wages due and owing to them." Similarly, ORS 652.140(1) and (2) provide that employees who are discharged or quit must be paid either "not later than the end of the first business day after the discharge or termination" or "immediately if the employee has given to the employer not less than 48 hours' notice, excluding Saturdays, Sundays and holidays, of intention to quit employment." Accordingly, Defendant's first contention is not an appropriate basis for reconsideration.

### B.       Mathematical/Practical Reality

Defendant asserts reconsideration is appropriate because the Court did not address the practical/mathematical reality of adopting a payday-by-payday methodology when employees receive both under and overpayments because overpayments cancel out interest accruing on the underpayments. Defendant contends that prejudgment interest is not readily ascertainable because overpayments and underpayments "fluctuate" across pay periods such that it is not possible to know "the point at which interest should accrue." Pl. Reply 6, ECF No. 163.

Defendant cites *Element Materials Tech. Food US LLC v. Kahl*, 808 F. Supp. 3d 1183 (D. Or. 2024), to support its assertion that "if we take into consideration the irrefutable fact that overpayment occurred one cannot reasonably conclude that . . . the time frame from which interest should run is . . . easily ascertainable, much less ascertainable simply by looking at individual paydays" because there is "temporally diverse conduct" at issue. Reply 6-7 (quotation omitted). *Element Materials,* however, did not involve calculation of prejudgment interest on

wages,[2] much less calculation of prejudgment interest when wages are over and underpaid across multiple pay periods. Defendant's argument assumes that underpaid wages may be offset by overpaid wages in a different pay period and, therefore, it is not possible to know what wages are due and unpaid until either a particular putative plaintiff left employment or Defendant stopped its rounding practice. Defendant, however, cites no authority for the underlying assumption that under Oregon law employers are permitted to offset underpaid wages with overpaid wages from another pay period.[3]

As one court noted about over and underpayment of overtime under the Fair Labor Standards Act ("FLSA"), the FLSA "says nothing about overpayments; it merely sets a minimum amount that employees must be paid." *Ferrell v. ConocoPhillips Pipe Line Co.*, No. 5:09-CV-00431-RRP-OP, 2010 WL 1946896, at *8 (C.D. Cal. May 12, 2010). An employee who . . . [is paid] more than required some weeks and less than required in others is entitled to damages for the weeks where he was paid less than required." *Id.* Although "[s]ome courts have used an overpayment to offset damage awards for the underpayment of overtime [under the FLSA], . . . in each [of those cases], the overpayment was not part of the employee's regular wages." *Id.* (citing *Mezger v. Price CPAs, PLLC*, No. 3:08cv0163, 2008 WL 4186189, at *4 (M.D. Tenn. Sept.8, 2008) (collecting cases)). Oregon law, like the FLSA, is not written in terms of overpayments, rather it sets a minimum amount that employees must be paid and the dates on which those wages are due. *See e.g.,* Or. Rev. Stat. §§ 653.025, 653.261; Or. Admin. R. 839-020-0030. Thus, Defendant has not established that offset of underpaid wages in one pay period by

---

[2] The jury found no unpaid wages "should be awarded to [the defendant] for his unpaid wage claim." *Element Materials*, No. 3:19-cv-01491-SI, Verdict ¶ 18, ECF No. 188.

[3] In its Amended Answer Defendant asserts its sixth amended defense that "[s]ome or all of plaintiff's claims are barred by the doctrines of wavier, estoppel, ratification, acquiescence, consent, agreement, offset, payment, and release." Am. Answer ¶ 25, ECF No. 92.

overpaid wages in another pay period is permitted under Oregon law or by extension that the time when prejudgment interest on underpaid wages is not readily ascertainable because an individual might be overpaid in a different pay period. The Court, therefore, finds this is not an appropriate basis for reconsideration.

### C.    Burden of Proof

Defendant contends the Court did not address the parties' respective burdens of proof or Plaintiff's failure to provide any evidence or authority to support her proposed method of calculation. The Court, however, set out the burden of proof at summary judgment. *Eisele,* 2026 WL 752429, at *2.

Defendant asserts that the Court did not correctly apply the burden, but at summary judgment Defendant relied on cases in which parties who did not bear the burden of proof filed for summary judgment. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979); *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1061 (9th Cir. 1989). Here, Defendant sought summary judgment on an affirmative defense for which it bears the burden of proof. As the Court noted at summary judgment, Plaintiff provided calculations based on data provided by Defendant and explained her methodology that showed Plaintiff did not receive all prejudgment interest that she is due and many putative plaintiffs did not receive the prejudgment interest they are due. This is sufficient to establish that a genuine dispute of material fact exists as to calculation of prejudgment. The Court, therefore, finds this is not an appropriate basis for reconsideration. Accordingly, the Court denies Defendant's Motion for Reconsideration.

## CONCLUSION

The Court DENIES Defendant's Motion for Reconsideration in Part [160].

IT IS SO ORDERED.

DATED this 18th day of May, 2026.

_____
AMY M. BAGGIO
United States District Judge