IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN EISELE,

Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation

Defendant.

No. 3:20-cv-1740-AB

OPINION & ORDER

Jon M. Egan
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009

Jim W. Vogele
812 N.W. 17th Avenue
Portland, OR 97209

Attorneys for Plaintiff

James M. Barrett
E.A. Meg Barankin
Ogletree Deakins
222 S.W. Columbia Street
Suite 1500
Portland, OR 97201

Evan Reed Moses
Ogletree Deakins
400 South Hope Street, Suite 1200
Los Angeles, CA 90071

Attorneys for Defendant

**BAGGIO, District Judge**:

This matter is before the Court on Plaintiff Kathleen Eisele's Motion to Partially Reconsider Summary Judgment and Motion to Amend/Supplement Complaint. ECF No. 166. For the following reasons the Court denies Plaintiff's Motion to Partially Reconsider and grants in part and denies in part Plaintiff's Motion to Amend/Supplement.

## BACKGROUND

On August 28, 2020, Plaintiff Kathleen Eisele filed a class action complaint[1] against Defendant Home Depot U.S.A., Inc., asserting claims for failure to pay wages when due in violation of Or. Rev. Stat. § 652.120 and failure to pay wages on termination in violation of Or. Rev. Stat. § 652.140. Plaintiff alleged Defendant "rounded plaintiff's and other class members' time punches, resulting in a consistent net underpayment to them" and "failed to pay plaintiff and the class members all earned and unpaid wages (including vacation pay) within the statutory deadline to do so upon termination of their employment." Compl. ¶¶ 5-6, ECF No. 1.

On July 22, 2022, Defendant filed a Motion for Summary Judgment in which it moved "for a determination that . . . [Defendant's] . . . rounding practice is permissible under Oregon law, and Plaintiff's claims on behalf of herself and the 'Rounding Class' therefore fail." Def. Mot. for Summ. J. at 1, ECF No. 52. Defendant requested in the alternative that if the Court concluded Defendant's rounding practice is not permissible, the Court find that Defendant did

[1] The Court has not certified a class in this matter.

not "willfully" violate the law. *Id. at 3*. That same day Plaintiff filed a Cross-Motion for Partial Summary Judgment in which she requested the Court "hold[] that [Defendant's] rounding policy is not authorized by Oregon law, and that plaintiff and the class members are entitled to recover unpaid wages and penalties as a result of time lost to that rounding policy." Pl. Mot. for Summ. J. at 3, ECF No. 56.

On November 29, 2022, United States District Court Judge Marco Hernández issued an Opinion and Order in which he concluded, among other things, that Defendant's rounding practice was not authorized under Oregon law and that "Defendant's failure to pay Plaintiff's wages as a result of the rounding program was not 'willful' within the meaning of O.R.S. § 652.150." *Eisele v. Home Depot U.S.A., Inc*., 643 F. Supp. 3d 1166, 1180 (D. Or. 2022).

On January 16, 2023, Defendant stopped its practice of rounding nationwide. On February 28, 2023, Plaintiff filed a Motion for Class Certification. Judge Hernández set oral argument on May 17, 2023. Before the May 17, 2023, hearing Defendant advised the Court that on May 5, 2023, it "paid each of the putative class members . . . all net wages that were allegedly due as a result of Defendant's rounding practices" plus interest. Wilson Decl. ¶ 3, ECF No. 86.

At the May 17, 2023, hearing Plaintiff advised Judge Hernández that although she had "time and pay records, that [Defendant] produced through [December 31, 2022]," Defendant stopped rounding on January 16, 2023, and "there's a small period of time that [Plaintiff doesn't] have records for." Tr. at 6, ECF No. 95. Judge Hernández asked if all that was left in this matter were attorney fees and costs and Plaintiff responded, "[a]nd then the penalty wages, but that's an issue for appeal." *Id*. at 9. Judge Hernández directed the parties to exchange the information "regarding the data, the names and [the] amounts" that individuals were paid, and set a conference to discuss further steps.

On August 8, 2023, Plaintiff advised that further discovery was needed because the amounts that Defendant "say[s] they paid people do not match the numbers that [Plaintiff's] expert has crunched the numbers and said that people were owed. And so to that extent, we need to litigate whether [Defendant] paid everyone everything that they're owed." Tr. at 4, ECF No. 104. Plaintiff also asserted that Defendant should be required to amend its Answer to allege an affirmative defense of payment. Judge Hernández struck Plaintiff's Motion for Class Certification, permitted Defendant to file an amended answer to assert the defense of payment, allowed additional discovery on the issue of payment, and set a further status conference.

On January 18, 2024, Judge Hernández held a status conference at which Plaintiff advised that she was "still trying to figure out exactly how [Defendant] did the math to come up with the payments [it] made because it doesn't match [Plaintiff's] math." Tr. at 4, ECF No. 105. Plaintiff stated that she believe the parties would "probably be able to settle at least part of the case . . . that's still remaining, and . . . leave [the other part] for appeal." *Id.* at 5. Defendant agreed with that assessment. Accordingly, Judge Hernández set a status conference for March 19, 2024.

At the March 19, 2024, conference Plaintiff reported that "[t]here was a problem with the payments that [Defendant] made . . . that's going to result in additional claims." Tr. ECF 106, at 4. The parties requested a fourth status conference, which the Court set on May 10, 2024.

On April 16, 2024, Plaintiff filed a class action complaint against Defendant in Multnomah County Circuit Court (*Eisele II*) alleging that when Defendant made the true-up payments in this matter, it improperly included prejudgment interest as wages on the putative class members' W-2 forms rather than issuing them form 1099s for the prejudgment interest.

Defendant removed *Eisele II* to this Court on the basis of federal-question and CAFA jurisdiction. On October 10, 2024, Plaintiff filed a First Amended Class Action Complaint ("FAC") in *Eisele II* which she alleged that with regard to the true-up payments Defendant wrongfully included interest on back wages on Plaintiff and the putative class members' W-2 forms. Plaintiff brought claims for wrongful deduction in violation of Oregon Revised Statute § 652.610; for filing a fraudulent federal information return in violation of 26 U.S.C. § 7434; and for declaratory, injunctive, and "further equitable" relief.

On November 1, 2024, Defendant moved to dismiss *Eisele II*. Judge Hernández granted Defendant's Motion and entered a Judgment for Defendant.

On September 29, 2025, Defendant moved for summary judgment on Plaintiff's claims in this matter on the grounds that it had paid Plaintiff and the putative class members all sums lost due to Defendant's rounding, it had discharged its debt, and the individual and putative class claims were moot. The matter was reassigned to this Court, and on March 17, 2026, the Court issued an Opinion and Order granting in part and denying in part Defendant's Motion for Summary Judgment.

On July 2, 2026, Plaintiff filed a Motion to Partially Reconsider [the November 29, 2022] Summary Judgment and Motion to Amend/Supplement Complaint. The Court took these motions under advisement on September 10, 2026.

## MOTION TO PARTIALLY RECONSIDER SUMMARY JUDGMENT

### I. Standards

Plaintiff moves for reconsideration pursuant to Federal Rules of Civil Procedure 54(b), which provides that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties

and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." When considering "a motion for reconsideration brought under Rule 54(b), 'district courts look to the standard on motions for reconsideration under Rule 59 and Rule 60(b).'" *Dylan Basch, et al., v. Cracker Barrel Old Country Store Inc.*, No. CV-21-00940-PHX-DJH, 2026 WL 3000097, at *1 (D. Ariz. Oct. 6, 2026) (quoting *Sundby v. San Diego Cnty. Sheriff's Dep't*, 2026 WL 673819, at *4 (S.D. Cal. 2026)).

"'Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *White v. Prestige Default Servs., LLC*, No. 24-7868, 2026 WL 84718, at *2 (9th Cir. Jan. 12, 2026) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Sahm v. Ali*, No. 23-35537, 2026 WL 1122038, at *1 (9th Cir. Apr. 24, 2026) (same). "Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Franquemont v. Stinnett*, No. 3:26-CV-05051-BHS, 2026 WL 1079812, at *1 (W.D. Wash. Apr. 21, 2026) (quotation omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances[.]" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009). "Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court." *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2015 WL 1478636, at *2 (N.D. Cal. Mar. 31, 2015). "Whether or not to grant reconsideration is

committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## II. Discussion

Plaintiff moves for reconsideration of Judge Hernández's November 29, 2022 conclusion that "Defendant's failure to pay Plaintiff's wages as a result of the rounding program was not 'willful' within the meaning of O.R.S. § 652.150." *Eisele*, 643 F. Supp. 3d at 1180. Plaintiff's bases for reconsideration are that this ruling was clear error and/or that the Ninth Circuit's decision in *Gessele v. Jack in the Box,* 174 F. 4th 1108 (9th Cir. 2026), constitutes an intervening change in controlling law. Defendant opposes the motion.

### A. November 29, 2022 Opinion and Order

At summary judgment Defendant asserted it

> was not "fully aware" of the obligation to pay the wages at issue because the only Oregon case law addressing rounding policies similar to Defendant's, *Du Ju* [*v. Kelly Servs. Inc*., No. CIV. 3:08-1213-HA, 2011 WL 4625669 (D. Or. Sept. 28, 2011)], expressly approved of them, and, at the time of Defendant's Motion, two courts outside of Oregon had expressly approved of Defendant's rounding policies: *Utne* [*v. Home Depot U.S.A., Inc*., No. 16-CV-01854-RS, 2017 WL 5991863 (N.D. Cal. Dec. 4, 2017)], and the trial court in *Camp* [*v. Home Depot U.S.A., Inc*., 19CV344872, 2021 WL 9794563 (Sup. Ct. Cal. Feb. 24, 2021)]. . . . [T]herefore, it did not willfully fail to pay wages within the meaning of § 652.150.

*Eisele*, 643 F. Supp. 3d at 1178. Plaintiff asserted that "'willful' within the context of Oregon wage-and-hour law does not mean intentionally violating clear law, rather it focuses on whether the employer knew the historical facts that ultimately gave rise to liability." *Id*. (citing *Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 662-63, 107 P.3d 61 (2005)). According to Plaintiff, therefore, "mistakes of law are 'willful' for the purposes of wage-and-hour law." *Id*. Defendant responded that "a . . . lack of legal clarity defeats a finding of willfulness." *Id*.

Judge Hernández reviewed Oregon case law on the issue of willfulness when the law is unclear and concluded that "taken together," Oregon cases "indicate that in circumstances when the law is unclear to the extent that an employer does not reasonably have a sufficient level of awareness of its obligation to pay wages, its failure to do so is not 'willful.'" *Eisele,* 643 F. Supp. 3d at 1180. Judge Hernández noted that conclusion was "further supported by cases applying the standard adopted by Oregon in" *State ex rel. Nilsen v. Lee*, 251 Or. 284, 444 P.2d 548 (1968). *Id.* In *Nilsen,* the Court "relied on *Davis v. Morris*, 37 Cal.App.2d 269, 99 P.2d 345 (1940), for the proposition that O.R.S. § 652.150 'was not intended to impose liability where the employer's refusal to pay wages is based upon a *bona fide* belief that he is not obligated to pay them.'" *Eisele,* 643 F. Supp. 3d at 1180. In turn, "[i]n *Barnhill v. Robert Saunders & Company*, 125 Cal.App.3d 1, 177 Cal.Rptr. 803 (1981), the court relied on *Davis* when it concluded the employer was not liable for penalty wages under California's version of § 652.150 because although the court concluded the defendant was liable for refusing to pay certain of the plaintiff's wages, 'the state of law . . . was not clear' at the time the defendant did not pay the wages at issue." *Eisele,* 643 F. Supp. 3d at 1180 (quoting *Barnhill,* 125 Cal.App.3d at 8, 177 Cal.Rptr. 803). The *Barnhill* court pointed out that "several Courts of Appeal had expressed the view that setoffs against employees' wages were proper" and that "an employer had at least some right of setoff." *Eisele,* 643 F. Supp. 3d at 1180 (quoting *Barnhill,* 125 Cal.App.3d at 8 (citations omitted)). The *Barnhill* court concluded "given that uncertainty, [the employer] should not be penalized for believing that setoff was proper and payment of wages not required. Accordingly, [the employer's] attempt to exercise a right to setoff was not willful nonpayment of wages within the meaning of Labor Code . . ., and the imposition of penalties was inappropriate." *Id.*

Judge Hernández found that

> the state of the law regarding the permissibility of [Defendant's] rounding program is uncertain. . . . [T]he court in *Du Ju* [*v. Kelly Servs. Inc.*, No. CIV. 3:08-1213-HA, 2011 WL 4625669 (D. Or. Sept. 28, 2011)] approved a similar rounding program and two courts in California had approved Defendant's specific rounding program. Accordingly, although the Court concludes Oregon does not permit rounding, the Court also concludes the state of the law was sufficiently uncertain that Defendant should not be penalized for reasonably believing that its rounding program was permissible in Oregon.

*Eisele*, 643 F. Supp. 3d at 1180. Thus, Judge Hernández concluded that "Defendant's failure to pay Plaintiff's wages as a result of the rounding program was not 'willful' within the meaning of O.R.S. § 652.150." *Id.*

### B. Change in Controlling Law - *Gessele v. Jack in the Box*

Plaintiff asserts that *Gessele v. Jack in the Box, Inc.,* 174 F.4th 1108 (9th Cir. 2026), constitutes a change in controlling law sufficient to justify reconsideration because there the court noted that "what an employer knows and whether that knowledge was reasonable or careless are issues for the jury, not the Court, on summary judgment." Pl. Mot. at 2-3, ECF No. 166. *Gessele* was not, however, a change in controlling law nor did it involve circumstances in which the law was unclear or uncertain. In that case, the plaintiffs sued their former employer on behalf of themselves and a class of other former employees asserting, among other things, that the defendant "overdeducted its employees' wages for the [Oregon's] Workers' Benefit Fund ('WBF')" in violation of Oregon wage and hour laws. *Gessele*, 174 F.4th at 1117. The "WBF funds itself by collecting an assessment, half from employers and half from employees." *Id.*

(citing Or. Rev. Stat. §§ 656.506(2), 656.506(3), 656.612).[2] "In 2003, the WBF gathered 3.6 cents per hour worked. Each employer deducted 1.8 cents per hour from each employee's paychecks. Then, the employer paid the state 3.6 cents per hour worked, the 1.8 cents taken from the employee plus 1.8 cents per hour out of its own coffers." *Id.* The defendant processed WBF deductions using a computer program and "[a]t some point, [the defendant] set up [the computer program] to deduct 1.8 cents per hour from all hourly employees in Oregon. In 2003, [the defendant] used the accurate rate, and it evenly split the assessment with its employees." *Id.* From 2004 through 2011, "Oregon decreased the WBF assessment rate." *Id.* at 1117-18. It was undisputed that the defendant "paid the correct, [total] reduced amount to Oregon, but it never updated the amount deducted from employees." *Id.* As a result, during those years, "employees paid more than half the WBF assessment" in violation of Oregon Revised Statute § 656.506. *Id.* At summary judgment the plaintiff asserted the defendant's WBF overdeductions were willful within the meaning of Oregon Revised Statute § 652.150 because evidence reflected that the defendant knew the rate had decreased, demonstrated by the fact that it decreased its overall payments, but it failed to reduce the plaintiffs' share of the WBF deduction. The defendant did not deny that it overdeducted WBF assessments from employees nor did it assert that it did not know the requirements of § 656.506 or that the requirements of § 656.506 were unclear. Rather, the defendant asserted the overdeduction was "a computer error and . . . it was an unintentional miscalculation," therefore, its actions were not willful. *Gessele v. Jack in the Box, Inc.*, 427 F.

---

[2] Or. Rev. Stat. §§ 656.506(2) and (3) provide in relevant part: "(2) Every employer shall retain from the moneys earned by all employees an amount determined by the Director of the Department of Consumer and Business Services for each hour or part of an hour the employee is employed[.] (3) In addition to all moneys retained under subsection (2) of this section, the director shall assess each employer an amount equal to that assessed pursuant to subsection (2) of this section."

Supp. 3d 1276, 1306 (D. Or. 2019*), aff'd in part, rev'd in part and remanded*, 160 F.4th 1011 (9th Cir. 2025), *opinion amended and superseded on denial of reh'g*, 174 F.4th 1108 (9th Cir. 2026), and *aff'd in part, rev'd in part and remanded*, 174 F.4th 1108 (9th Cir. 2026). The trial court held that the plaintiff established that the overdeduction was willful and granted summary judgment in the plaintiff's favor.

In its most recent opinion, the Ninth Circuit reversed the trial court's decision on willfulness on the basis that disputes of material fact existed. *Gessele*, 174 F.4th at 1122-24. The Ninth Circuit found that the jury (1) might disagree with the trial court as to whether the defendant's "witnesses [were] credible," (2) could find that the overdeductions were so small (often as little as "0.4 cents per hour") that the defendant could overlook them without being careless, and/or (3) could find that the defendant's reliance on its payroll software did not constitute willful carelessness. *Id*. at 1122. The Ninth Circuit specifically noted, however, that "the maxim that 'ignorance of the law is no excuse' does not help Plaintiffs. [The defendant's] ignorance was factual, not legal. The parties dispute whether [the defendant] should have known that it was using the outdated rate or that it needed to manually update the employee rate. These are not points of law." *Id.* at 1123. The Ninth Circuit, therefore, did not address, much less change, controlling law regarding willfulness in the context of the lack of clarity of the law in Oregon.

Several Oregon cases establish that courts may decide willfulness as a matter of law when the record permits it. For example, in *Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 667-68, 107 P.3d 61 (2005), the Court of Appeals held the trial court erred when it denied the plaintiffs' motion for summary judgment on the issue of entitlement to penalty wages under § 652.150 because the defendant's withholding underlying the penalty wage claim was willful as

the Court of Appeals defined that term. Similarly, in *Putnam v. Oregon Department of Justice*, 58 Or. App. 111, 647 P.2d 949 (1982), the issue was whether Oregon willfully failed to pay the plaintiff wages or compensation due. The parties cross-moved for summary judgment and the trial court denied the plaintiff's motion and granted the defendant's motion. The Court of Appeals concluded that the plaintiff had established that the defendant willfully failed to pay her wages and, therefore, the trial court erred in denying the plaintiff's motion for summary judgment and granting defendant's motion and the plaintiff was due penalty wages pursuant to § 652.150. The court vacated the trial court's decision and remanded with instructions to enter judgment for the plaintiff. *Id*. at 116.

Plaintiff here has not established that *Gessele* forecloses the Court from determining willfulness a matter of law when the record so permits or that *Gessele* was a change in controlling law regarding willfulness. Thus, the Ninth Circuit's holding in *Gessele* is not a sufficient basis for a motion for reconsideration.

**C. Clear Error**

Defendant asserts that Plaintiff has not established clear error sufficient to merit reconsideration. Specifically, Defendant contends that Plaintiff seeks reconsideration of an argument she did not make in the first instance and, in any event, neither Judge Hernández's failure to address that argument nor his ultimate conclusion on willfulness was clear error.

**1. Standard**

"While courts have generally not defined what constitutes 'clear error' under Rule 59(e), case law indicates that 'clear error should conform to a very exacting standard' - *e.g.*, a court should have 'a clear conviction of error.'" *Mollaei v. Otonomo Inc.*, No. 22-CV-02854-TLT, 2023 WL 5162402, at *2 (N.D. Cal. July 18, 2023), *aff'd*, No. 23-16079, 2025 WL 1163727 (9th

Cir. Apr. 22, 2025) (quoting *Pet Food Exp. Ltd. v. Royal Canin USA, Inc.*, No. 09-CV-1483-EMC, 2011 WL 6140874, at *4 (N.D. Cal. Dec. 8, 2011)). "Mere doubts or disagreement about the wisdom of a prior decision . . . will not suffice. . . . To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." *Walker v. United States*, No. 20-CV-31 DMS (AGS), 2020 WL 4464459, at *2 (S.D. Cal. Aug. 4, 2020) (quotation omitted). *See also Gamon v. Shriners Hosps. for Child.*, No. 3:23-CV-00216-IM, 2026 WL 607750, at *2 (D. Or. Mar. 3, 2026) (quoting *Brooks v. Caswell*, No. 3:14-cv-1232-AC, 2017 WL 2323264, at *5 (D. Or. May 25, 2017) (same)). "[T]he movant must demonstrate a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Walker,* 2020 WL 4464459, at *2 (quotation omitted).

**2. Plaintiff's Argument at Summary Judgment**

Plaintiff asserts that Judge Hernández erred when he did not find that Defendant failed to make a factual showing of reliance on a legal authority permitting rounding. Defendant contends Plaintiff did not make that argument at summary judgment before Judge Hernández and, therefore, she may not rely on it now as a basis for reconsideration. *See, e.g., Franquemont*, 2026 WL 1079812, at *1 ("reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision") (quotation omitted).

Plaintiff asserts that she raised the issue at summary judgment before Judge Hernández when she stated in her Response to Defendant's Motion for Summary Judgment that "factually [Defendant] has not shown that it relied upon, or even knew about, any Oregon BOLI bulletin or federal trial opinion when evaluating or implementing its 'rounding' policy. . . . Thus, there has been no showing that would defeat a willfulness finding." Pl. Resp. at 20, ECF No. 64.

The record reflects Plaintiff made the instant argument at summary judgment. Plaintiff, therefore, may rely on it as a basis to seek reconsideration.

**3. Evidence Argument**

Plaintiff asserts Judge Hernández's failure to address or to conclude that Defendant failed to make a factual showing of reliance on a legal authority permitting rounding was clear error.

Defendant points out here that it explained in its Reply before Judge Hernández that "evidence of [its] study of the law surrounding its rounding practices would surely be privileged" and noted that "given the litigation that [it] engaged in in California wherein its rounding practices were approved, [it] was obviously aware of the issue" in relation to its rounding practices. Def. Reply at 19, n.6, ECF No. 65.[3] Thus, Defendant addressed Plaintiff's argument.

More importantly, Plaintiff asserted in her Response before Judge Hernández that he should find that Defendant's rounding policy and the resulting failure to pay all wages due was "willful as a matter of law." Pl. Resp. at 23. Plaintiff concluded in that Response that Defendant's "rounding policy is illegal. . . . [Its] violations were willful as a matter of law. The Court should therefore grant plaintiff partial summary judgment, holding that [Defendant's] 'rounding' policy is not authorized by Oregon law, and . . . plaintiff . . . [is] entitled to recover unpaid wages and penalties as a result of time lost to that policy." *Id.* at 24. Thus, although Plaintiff included a statement that Defendant did not show that it relied on a particular authority, Plaintiff requested Judge Hernández to determine that Defendant's rounding policy was not authorized by Oregon law and, as a result, Plaintiff was entitled to recover penalty wages, a conclusion that required Judge Hernández to evaluate whether Defendant's violation was willful

---

[3] Plaintiff John Utne filed his putative class action challenging Home Depot's rounding practice in the Superior Court of California on March 8, 2016.

as a matter of law.[4] Accordingly, although Plaintiff raised the instant issue at summary judgment, Plaintiff has not established that it was clear error for Judge Hernández to decide willfulness as a matter of law.

**4. Merits of Willfulness Conclusion**

At summary judgment before Judge Hernández Plaintiff contended that "[n]o Oregon statute, administrative rule, or appellate case allows an employer to underpay an employee as long as they overpay a different employee." *Eisele,* 643 F. Supp. 3d at 1170. Defendant, however, pointed out that "Oregon statutes and regulations do not explicitly prohibit rounding"; a federal labor regulation, 29 C.F.R. § 785.48(b), permits rounding; this district applied § 785.48(b) and permitted rounding in *Du Ju v. Kelly Servs. Inc*., No. CIV. 3:08-1213-HA, 2011 WL 4625669 (D. Or. Sept. 28, 2011); and a district court in California and a California state trial court had approved Defendant's rounding practices under California wage-and-hour law. *Id.* at 1171-72. Defendant, therefore, contended that Judge Hernández should conclude that rounding was permissible under Oregon law. After a lengthy analysis of the cases relied on by Defendant; the authorities underlying those cases; the current state of the BOLI regulation relied on by the court in *Du Ju*; the (at the time of summary judgment) recent opinion by the California Court of Appeals in *Camp v. Home Depot U.S.A., Inc*., 84 Cal.App.5th 638, 300 Cal.Rptr.3d 548 (2022), that reversed its earlier decisions on rounding; and Oregon's wage and hour statutes, Judge Hernández concluded that "Defendant ha[d] not established that Oregon law authorizes time rounding that results in the failure to pay each employee for all of the time worked particularly when, as here, an employer can capture and has captured the exact amount of time an employee

[4] Penalties are permissible under Or. Rev. Stat. § 652.150 only "if an employer willfully fails to pay any wages." Thus, any conclusion about penalties requires an analysis of willfulness.

has worked." *Eisele*, 643 F. Supp. 3d at 1172-76. Judge Hernández also found, however, that "the state of the law regarding the permissibility of [the defendant's] rounding program is uncertain." *Id*. at 1180. Although Judge Hernández concluded that "Oregon does not permit rounding, [he] also conclude[d] [that] the state of the law was sufficiently uncertain" such that Defendant did not willfully fail "to pay any wages or compensation of any employee" under Oregon law.

Plaintiff asserts that under Oregon law "an employer is presumed to know the requirements of wage-and-hour law," "a belief cannot be *bona fide* if it arises out of ignorance of the law," and, therefore, Defendant cannot rely on a *bona fide* belief in this instance. Pl. Mot. to Reconsider at 9-10 (citing *Makaneole v. SolarWorld Indus. Am., Inc.*, No. 3:14-CV-1528-JR, 2021 WL 6428326, at *7 (D. Or. Oct. 21, 2021), report and recommendation adopted in part, rejected in part, No. 3:14-CV-01528-JR, 2022 WL 305418 (D. Or. Feb. 1, 2022); *Saludado v. Arce*, case no. 80-cv-69-FR, 1982 WL 2197, at *2 (D. Or. 1982)). The cases that Plaintiff relies on for its argument, however, do not address the circumstances here, *i.e.*, the law itself was unclear rather than that an employer was ignorant of established authority. For example, in *Saludado*, the court noted that the provision of the Fair Labor Standards Act that the defendant was found to have violated "has been clear since 1945." 1982 WL 2197, at *2. The court explained that "a '*bona fide* belief' cannot be founded on mere ignorance of the requirements of the law," but it "protects an employer who is forced to guess how a court will interpret a contract or law where it really is not clear." *Id.*, at *2 (citing *Hekker v. Sabre Construction Co*., 265 Or. 552, 561, 510 P.2d 347 (1973)). Here, as noted, the state of the law was uncertain: no Oregon state court had addressed the permissibility of rounding, a district court in Oregon had found rounding to be permissible, and a district court in California and a California state trial court had

approved Defendant's rounding practices under California wage-and-hour law, which is similar to Oregon wage-and-hour law.

In addition, "Plaintiff has the burden to prove willful conduct by the employer." *Eisele*, 643 F. Supp. 3d at 1177 (D. Or. 2022) (citing *State ex rel. Nilsen v. Lee*, 251 Or. 284, 294, 444 P.2d 548 (1968)). It was Plaintiff's burden to establish that Defendant acted out of willfulness because that is a necessary element of Plaintiff's penalty wage claim, not an affirmative defense on which Defendant bears the burden of production. Plaintiff has not met the high bar to establish that the willfulness determination was clear error particularly where, as here, the law was unclear.

Accordingly, the Court denies Plaintiff's Motion to Partially Reconsider.

## PLAINTIFF'S MOTION TO AMEND/SUPPLEMENT COMPLAINT

Plaintiff moves to amend or supplement her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) or 15(d).

### I. Standards

#### A. Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment. Rule 15(a) provides leave to amend "shall be freely given when justice so requires." "This is an extremely liberal standard," however, "'the grant or denial of an opportunity to amend is within the discretion of the District Court [.]'" *Andrade v. Schnitzer Steel Indus., Inc.*, No. 3:21-CV-00860-HZ, 2023 WL 2728859, at *1 (D. Or. Mar. 30, 2023) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), and quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *See also Cal. ex rel. Cal. Dep't of Toxic Substances Control v.*

*Neville Chem. Co*., 358 F.3d 661, 673 (9th Cir. 2004) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, and denial of leave to amend is appropriate if the amendment would be futile.") (quotation omitted)).

"When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc*., 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Of the *Foman* factors, prejudice to the opposing party carries the most weight." *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (quotation omitted)).

**B. Rule 15(d)**

Federal Rule of Civil Procedure 15(d) provides in pertinent part: "[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "'The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible.'" *Trees v. Serv. Emps. Int'l Union Loc*. 503, 763 F. Supp. 3d 1250, 1257 (D. Or. 2025), *aff'd*, 2026 WL 2906019 (9th Cir. Sept. 28, 2026) (quoting *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co*., 668 F.2d 1014, 1057 (9th Cir. 1981)). "Rule 15(d) serves as 'a tool of judicial economy and convenience' to 'promote the economical and speedy disposition of the controversy.'" *Id.* (quoting *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988)). "Leave to permit a supplemental pleading thus is favored." *Id.* (quotation omitted).

"'[T]he legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion under Rule 15(a).'" *Id.* (quoting *Cal. v. U.S. Dep't of Lab.*, 155 F. Supp. 3d 1089, 1099 (E.D. Cal. 2016) (cleaned up)).

## II. Analysis

Plaintiff seeks leave to amend her Complaint (1) "to reflect [Defendant's] 'daily total' rounding policy rather than plaintiff's original pre-filing understanding that [Defendant] used punch rounding" and (2) "to add allegations regarding willfulness that occurred after this case was filed." Pl. Mot. at 16, ECF No. 166.

### A. Willfulness Counts

Plaintiff seeks to add two "counts" to her claim for Oregon penalty wages as follows:

> COUNT TWO
>
> [Defendant] further willfully failed to promptly pay all such wages due and owing after any alleged *bona fide* belief in the legality of its rounding policy under Oregon law became unreasonable.
>
> COUNT THREE
>
> [Defendant] further willfully failed to promptly pay all such wages due and owing after it ceased rounding in Oregon.

Pl. Proposed Am. Compl. ¶¶ 21-22, ECF No. 166. Plaintiff asserts:

> [E]ven if [Defendant] had a reasonable *bona fide* belief that it did not owe plaintiff wages during her employment, that belief later became unreasonable (in other words, [Defendant] achieved, or should have achieved, the requisite level of awareness of its obligation to pay), as explained and illustrated in the chart below. Once the belief became unreasonable, [Defendant's] failure to promptly pay plaintiff and the class members was willful, even if its original failure to pay was not.

Pl. Mot. to Amend at 16. According to Plaintiff, "[t]hat entitles [her] and the class members to 30 days of penalty wages under O.R.S. 652.150." *Id.* at 19. The chart referenced by Plaintiff is as follows in pertinent part:

| Date | Event |
|---|---|
| 2/24/21 | *Camp v. Home Depot*: California trial court grants Home Depot summary judgment, holding that its daily-total rounding policy is legal under California law. |
| 10/24/22 | *Camp v. Home Depot*: California Court of Appeals reverses summary judgment, holding that Home Depot's daily-total rounding policy is not legal under California law. |
| 11/29/22 | *Eisele v. Home Depot*: this Court grants plaintiff partial summary judgment, holding that Home Depot's daily-total rounding policy is not legal under Oregon law. |
| 1/16/23 | Home Depot stops rounding nationwide. |
| 5/5/23 | True-up payments made. |

Plaintiff asserts that Defendant no longer had a *bona fide* belief that its rounding policy was reasonable either after the Court of Appeals decision in *Camp* or Judge Hernández's decision in this case, but Defendant did not make true-up payments until May 5, 2023. Defendant contends Plaintiff's proposed new willfulness counts are time barred and barred by *res judicata*.[5]

**1. Limitations Period**

Oregon courts have held that "the three-year limitation period specified in ORS 12.100(2) applies to claims for penalty wages." *Russell v. U.S. Bank Nat. Ass'n*, 246 Or. App. 74, 77, 265 P.3d 1, 2 (2011). A "cause of action for penalty wages does not accrue, and the statute of limitation [does not] begin to run, until that penalty is owed. . . . [Thus,] the limitation period . . . begin[s] to run . . . when the employer commits the additional wrongful act of willfully failing to pay the earned wages . . . as only that . . . act makes the employer liable for a penalty." *Id.* at 78 (citing *North Marion Sch. Dist. # 15 v. Acstar Ins. Co.*, 205 Or. App. 484, 492, 136 P.3d 42 (2006), *aff'd*, 343 Or. 305, 169 P.3d 1224 (2007)).

[5] Because the Court concludes these counts are untimely, the Court does not address *res judicata.*

**2. Untimeliness**

Plaintiff asserts that her proposed counts for penalty wages accrued on the earlier of the date that Defendant's belief in the legality of its rounding practice ceased to be reasonable or the date that Defendant stopped its rounding practice in Oregon. Plaintiff contends that the former is November 29, 2022, when Judge Hernández ruled that Defendant's rounding practice was not permitted under Oregon law and the latter is January 16, 2023. As Defendant points out, however, in either case, Plaintiff's proposed new counts for penalty wages accrued more than three years before Plaintiff sought leave to amend her Complaint. Plaintiff's proposed counts are, therefore, untimely.

**3. Relation Back**

Plaintiff asserts that the proposed counts for penalty wages based on her allegation that Defendant did not promptly pay Plaintiff and class members all wages due after it no longer had a *bona fide* belief that its rounding policy was permitted under Oregon law relates back to the claims in her Complaint and, therefore, they are not untimely. Defendant contends the relation-back doctrine does not apply here.

When, as here, "the limitations period derives from state law, . . . [the Court must] consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th Cir. 2014) (citation omitted). Under Federal Rule of Civil Procedure 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim [ ] that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Fed. R. Civ. P. 15(c)(1). Plaintiff bears the burden to establish that her proposed willfulness counts relate back to her original Complaint. *See Wilkins-Jones v. City*

*of Alameda*, No. C-08-1485 EMC, 2012 WL 3116025, at *14 (N.D. Cal. July 31, 2012) ("it is [the] Plaintiff's burden to show relation back"). "To relate back, the original and amended pleadings must share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (simplified). "The relation back doctrine of Rule 15(c) is to be liberally applied." *Id.* (citation omitted).

Oregon Rule of Civil Procedure 23(c) contains nearly identical language to Federal Rule of Civil Procedure 15(c)(1) and provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Courts in Oregon have found that Rule 23(c) is substantially the same as Federal Rule of Civil Procedure 15(c)(1). *See, e.g., Dillon v. Clackamas County*, No. 3:14-cv-00820-YY, 2018 WL 4523139, at *9 (D. Or. May 2, 2018) (concluding the relation-back analysis under Oregon Rule of Civil Procedure 23(c) is the same as that under Federal Rule of Civil Procedure 15(c)(1)). The Court, therefore, concludes the relation-back analysis is the same under state and federal law.[6]

For a claim to relate back to the original pleading "[t]he claims must share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim."

---

[6] To the extent that Plaintiff's Motion is one to supplement under Rule 15(d), that rule "does not expressly state if and under what circumstances supplemental pleadings relate back to the original pleading for statute of limitations purposes. Even so, courts often apply relation back principles under Rule 15(c) to supplemental complaints under Rule 15(d)." *Machado v. Cal. Dep't of Corr.*, No. CV 13-01703-CAS (DFM), 2014 WL 7475190, at *3 (C.D. Cal. Aug. 22, 2014) (citing *United States v. CMA, Inc.*, 890 F.2d 1070, 1073-74 (9th Cir. 1989)). *See also GTE Mobilnet of Cal. Ltd. P'ship v. City of Berkeley*, No. 20-CV-05460-DMR, 2021 WL 4442650, at *6 (N.D. Cal. Sept. 28, 2021) ("a pleading filed according to Rule 15(d) can relate back if it meets the test for relation back under Rule 15(c)").

*Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (quotation omitted). The Court does "not look to the legal theory underlying a claim, but to the facts on which it is based." *Ram v. County of Sacramento*, 738 F. App'x 571, 571 (9th Cir. 2018). Thus, an amendment will not relate back if the amended complaint "had to include additional facts to support the [new] claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008).

Plaintiff's proposed new willfulness counts arise from conduct that postdates the original Complaint by at least two years and require new factual allegations to support them. They do not rely on the same transaction or occurrence set out in the original Complaint. Plaintiff, therefore, has not established that her proposed new counts relate back to the claims in her original Complaint. *See, e.g., Echlin*, 887 F.3d at 978 ("[A]n amendment will not relate back where the amended complaint had to include additional facts to support the [new] claim.") (quotation omitted); *Kononen v. City of Salem Hous. Auth.*, No. 6:21-cv-00179-AP, 2025 WL 2962651, at *3 (D. Or. Oct. 20, 2025) ("when a plaintiff must allege different facts to support their new claims, the amended complaint does not relate back"); *Erickson v. Taylor*, No. 2:12-cv-01466-BR, 2018 WL 2459165, at *10 (D. Or. May 31, 2018) ("New claims do not relate back if they depend upon events separate in both 'time and type' from those set forth in the original pleading."); *Caplener v. U.S. Nat'l Bank of Or.*, 317 Or. 506, 524, 857 P.2d 830 (1993) ("Because these additional allegations involve a different time period and appear to arise out of subsequent dealings between the parties, . . . a negligence claim based on those allegations does not relate back.").

The Court concludes Plaintiff's proposed new willfulness counts do not relate back to the claims in her original Complaint; therefore, Plaintiff's proposed willfulness counts are time

barred and amendment to add these counts would be futile. Accordingly, the Court denies Plaintiff's Motion to Amend or Supplement as to her proposed new willfulness counts.

**B. Daily Time Total Amendments**

Plaintiff also seeks to amend her Complaint to allege Defendant used daily time total rounding. Specifically, paragraphs 5 and 11(a) of Plaintiff's Complaint allege (1) Defendant "rounded plaintiff's and the other class members' time punches resulting in a consistent net underpayment to them" and (2) "Whether [Defendant's] common policies and procedures regarding rounding of time punches resulted in underpaying its employees[.]" Compl. ¶¶ 5, 11(a), ECF No. 1. Plaintiff seeks to amend these paragraphs to state that (1) Defendant "rounded plaintiff's and the other class members' daily time totals resulting in a consistent net underpayment to them" and (2) "Whether [Defendant's] common policies and procedures regarding rounding of daily total time resulted in underpaying its employees[.]" Proposed Am. Compl. ¶¶ 5, 11(a), ECF No. 166. Plaintiff does not seek to allege a new claim based on these amendments, rather Plaintiff appears only to seek to clarify the allegations in her Complaint based on information obtained during the course of this action.

It is unclear whether Defendant objects to these proposed amendments. As noted, Rule 15(a) provides leave to amend "shall be freely given when justice so requires." The Court, however, should consider factors such as "undue delay, the movant's bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility." *Brown*, 953 F.3d at 574. Here it appears that Plaintiff likely discovered that Defendant used daily time totals during the 2022 summary judgment process, but delayed seeking to amend her Complaint to clarify her allegations for nearly four years. It does not appear, however, that this delay prejudices Defendant. *Eminence Capital*, 316 F.3d at 1052 ("Of the *Foman* factors, prejudice to the

opposing party carries the most weight.") (quotation omitted). Defendant does not discuss these requested amendments and addresses its Opposition to Plaintiff's request to amend to add new willfulness counts.

Because Plaintiff does not seek to add a new claim or theory of liability based on the proposed amendments clarifying that Defendant rounded Plaintiff's daily total time and because there is no indication that this amendment prejudices Defendant, the Court grants this portion of Plaintiff's Motion to Amend.

**CONCLUSION**

The Court DENIES Plaintiff's Motion to Partially Reconsider Summary Judgment [166] and GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Amend/Supplement Complaint [166] as follows:

1. The Court grants Plaintiff's Motion to Amend/Supplement Complaint to clarify that Defendant rounded Plaintiff's and other class members' daily time totals.
2. The Court denies the remainder of Plaintiff's Motion to Amend/Supplement Complaint.

IT IS SO ORDERED.

DATED this 5th day of November, 2026.

AMY M. BAGGIO
United States District Judge